## MORRIS *v.* DRAINAGE DISTRICT No. 24.

### Opinion delivered November 21, 1921.

1. DRAINS—ORDER ASSESSING COST OF IMPROVEMENT.—Under Crawford & Moses' Dig., § 3617, providing that the county court shall order an assessment upon the real property of a drainage district to pay "the estimated cost of the improvement," the phrase quoted means the whole cost of constructing the drainage ditch, including the overhead charges.

2. DRAINS—ASSESSMENT OF TAX.—Crawford & Moses' Dig., § 3617, providing that the county court shall levy an assessment to pay the cost of a drainage improvement, contemplates that. where the district is created by the county court, the court shall make but one assessment for the entire cost of the improvement, and an assessment for preliminary expenses merely is unauthorized.

3. DRAINS—ASSESSMENT OF TAX—TIME OF APPEALING.—Crawford & Moses' Dig., § 3617, providing that the remedy against an assess-

ment of drainage taxes shall be by appeal taken within 20 days from the time that the assessment is made by the county court, means that the appeal shall be taken within 20 days from the making of the assessment for the entire cost of the improvement, and where an assessment was improperly made for preliminary expenses merely an appeal therefrom may be taken within six months, under Crawford & Moses' Dig., § 2287.

Appeal from Craighead Circuit Court, Jonesboro District; *R. H. Dudley,* Judge; reversed.

*J. F. Gautney,* for appellants.

There is no provision in the drainage law providing for an appeal from the county court allowing claims against the district; the general law applies. C. & M. Dig., § 3617; 90 Ark. 219; 143 Ark. 67.

The order of the county court allowing claims and assessing a tax to pay same is void. C. & M. Dig. § 3610, par. 2.

*Sloan & Sloan,* for appellees.

The county court had the power to levy a tax to pay the indebtedness of the drainage district. C. & M. Dig. § 3617.

The fact that the actual cost of construction exceeds the cost as estimated by the engineer does not preclude the construction of the improvement. 213 Pa. St. 123; 62 Atl. 516; 176 N. W. 373. It was clearly the intention of the Legislature to levy a tax sufficient to pay for the improvement, even though it was in excess of the engineer's estimate. C. & M. Dig., § 3620; 55 Conn. 437; 12 Atl. 519; 25 R. C. L. 1022, § 258. Power to levy a tax for the entire cost of an improvement necessarily carries with it the power to do a lesser thing, *i. e.,* to levy a tax to pay a part of the cost of the improvement. Broom's Legal Maxims, star page 174.

In making additional assessments it is sufficient if the general method is followed. 134 Ark. 447. The presumption is in favor of the county court's order. 134 Ark. 121.

The county court can exercise only such powers as are conferred upon it by law. 115 Ark. 130; 4 Ark. 473; 28 Ark. 359; 89 Ark. 456; 37 Ark. 359; 33 Ark. 407.

The only obligations upon which the county court passes are those represented by the bonds for which the taxes are pledged. 127 Ind. 422.

An appeal from the order establishing the district must be taken in twenty days. 117 Ark. 292; 138 Ark. 131.

A property owner may appeal within the time prescribed. 132 Ark. 141.

A statute providing for appeals in a particular case supersedes the general statute. 134 Ark. 411; 127 Ark. 266; 104 Ark. 113; 103 Ark. 209; 53 Ark. 417.

HART, J. This appeal challenges the correctness of a judgment of the circuit court dismissing the appeal of property owners from a judgment of the county court levying an assessment upon the real property in a drainage district to pay certain indebtedness.

Drainage District No. 24, Craighead County, Ark., was organized under the alternative system of drainage districts. Crawford & Moses' Digest, §§ 3607-3655 inclusive. The commissioners of the drainage district held a meeting on the 4th day of September, 1920, in Jonesboro, Ark., at which all the members were present. The matter of the indebtedness of the district was taken up and discussed. Claims for engineering services, attorney's fees, fees and expenses of the commissioners, fees paid an abstracter of title and certain printing expenses, amounting in the aggregate of $5,528.21, were allowed. After all the claims had been allowed, a resolution for a tax to be levied to pay said claims was adopted.

A petition setting up the foregoing facts more in detail was filed in the county court by the commissioners. The commissioners further stated that the claims as allowed at their said meeting represented all of the lawful indebtedness of said district, and that a tax of 3 per cent. on the face of the assessed benefits would be required to pay said indebtedness.

The prayer of the petition is that the county court make an order approving the action of the commissioners and directing the levy of the tax.

On the 12th day of November, 1920, the county court made an order approving the proceedings of the board of commissioners of said drainage district, and the levy of the tax by them on the real property in said drainage district. The county clerk of Craighead County was directed in the order to extend said taxes on a book specially procured by him for that purpose, and the collector was directed to collect the taxes in the year 1921.

On the 25th day of January, 1921, Allen Morris and J. D. Haynes, property owners in said drainage district, filed affidavits for appeal duly verified and prayed an appeal to the circuit court from said order. The affidavits for appeal were duly examined by the county court, and an order was made on said 25th day of January, 1921, granting an appeal from said judgment of the county court to the circuit court.

On the 7th day of February, 1921, the commissioners of said drainage district appeared in the circuit court and fil~d their motion to dismiss the appeal of Allen Morris and J. D. Haynes. The circuit court granted the motion and dismissed the appeal.

Allen Morris and J. D. Haynes excepted to the ruling of the court, and have duly prosecuted an appeal to this court.

The correctness of the judgment of the circuit cour' depends upon the construction to be given to sections 3610 and 3617 of Crawford & Moses' Digest.

Sec. 3610 provides that, when the county court has established the drainage district, it shall appoint three owners of real property within the county to act as commissioners. After providing the form of oath the commissioners shall take, and how vacancies may be filled by the county court, the section continues as follows: "Upon their qualification, the board shall prepare plans for the improvement within the district, as

prayed in the petition, and shall procure estimates from competent engineers as to the cost thereof. For this purpose the board may employ such engineers and other agents as may be needful, such engineers to give bond as required in § 3607, and may provide for their compensation, which, with all other necessary expenditures, including the services of such attorneys as the county may employ, shall be taken as a part of the cost of the improvement. If for any cause the improvement shall not be made, said cost shall be charged on the real property in the district, including railroads and tramroads, and shall be raised and paid by assessment in the manner hereinafter prescribed.''

Sec. 3617 reads as follows: ''The county court shall at the same time that the assessment of benefits is filed, or at any subsequent time when called upon by the commissioners of the district, enter upon its records an order, which shall have all the force of a judgment, providing that there shall be assessed upon the real property of the district a tax sufficient to pay the estimated cost of the improvement, with ten per cent. added for unforeseen contingencies; which tax is to be paid by the real property in the district, in the proportion to the amount of the assessment of benefits thereon, and which is to be paid in annual installments, payable not to exceed twenty-five per cent. for any one year, as provided in such order. The tax so levied shall be a lien upon all the real property in the district from the time that the same is levied by the county court, and shall be entitled to preference over all demands, executions, incumbrances or liens whatsoever created, and shall continue until such assessment, with any penalty and costs that may accrue thereon, shall have been paid. The remedy against such assessment of taxes shall be by appeal, and such appeal must be taken within twenty days from the time that said assessment has been made by the county court, and on such appeal the presumption shall be in favor of the legality of the tax. Any owner of real property

within the district may by mandamus compel compliance by the county court with the terms of this section.''

It will be noted that § 3617 requires that the remedy against the assessment of taxes as provided in the section shall be by appeal, and that such appeal must be taken within twenty days from the time the assessment has been made by the county court

It is the contention of counsel for appellees that the appeal in the present case should be taken as provided in said section, and that, inasmuch as the appeal was not taken within twenty days as prescribed by the statute, the circuit court was right in dismissing the appeal from the judgment of the county court. We do not agree with counsel in this contention. Sec. 3617 provides that the county court shall make an order which shall have all the force of a judgment, providing that there shall be assessed upon the real property of the district a tax sufficient to pay the estimated cost of the improvement with 10 per cent. added for unforeseen contingencies. The section further provides that the tax is to be paid in annual installments not to exceed 25 per cent. for any one year as provided in the order. The words, ''estimated cost of the improvement,'' mean the whole cost of constructing the drainage ditch including the overhead charges. When the plans of the commissioners for making the improvement are carried out, the preliminary expenses contemplated in § 3610 become a part of the cost of the improvement. They are then included in the words, ''estimated cost of the improvement,'' in § 3617, and that section means that the county court should make but one order for the assessment of the real property of the district for the payment of the cost of improvement to be paid in annual installments not to exceed 25 per cent. for any one year as provided in such order.

It does not appear from the record in this case that the county court made an order under this section for the assessment of the real property of the district to pay the estimated cost of the improvement. Therefore, the

part of that section providing that the remedy against such assessment shall be by appeal to be taken within twenty days from the time the assessment was made by the county court has no application to the facts presented in the record.

It will be noted that § 3610 provides that, if for any cause the improvement shall not be made, its costs shall be charged on the real property in the district. This means that when the district is not established by the county court the preliminary expenses shall be charged on the real property in the district and shall be paid by assessment in the manner hereinafter prescribed. *Sain* v. *Bogle,* 122 Ark. 14.

. Under the provisions of the act, if the improvement is constructed, the preliminary expenses become a part of the estimated cost of the improvement, and as such are embraced in the amount for which the county court makes an order for the assessment of the real property of the district under § 3617. When the district is not established by the county court, the preliminary expenses become a charge on the real property in the district under § 3610 and are to be collected by an assessment made by the county court in the same manner as when the improvement is constructed.

The amounts allowed in the present case are not perliminary expenses, as contemplated in § 3610, because the district was established by the county court, and the charges in question will become part of the estimated cost of the improvement to be collected as provided in § 3617, as interpreted in this opinion. That section contemplates one assessment for the whole estimated cost of the improvement, and does not contemplate that the county court should make an assessment at one time for part of the costs of the improvement and another assessment at a later date for the remaining costs of the improvement.

It follows that the commissioners had no right to present the claims to the county court and ask an assessment upon the real property in the district to pay

them in advance of an assessment for the payment of the whole cost of the improvement. It is no answer to say that the commissioners might refuse to go ahead with the district and thus indefinitely delay the claimants in the collection of their claims. There is no allegation or proof to that effect in the record, and that question will not be decided until presented by a record calling for its decision.

It is sufficient to say in the present case that the court had no authority to make the assessment under § 3617 for the reasons above stated, and that on this account the time for appeal given by that section has no application to the present case.

The taxpayers had a right to appeal under the general statute regulating appeals from the county court, which is six months. *Huddleston* v. *Coffman*, 90 Ark. 219.

It follows that the circuit court erred in dismissing the appeal of appellants from the judgment of the county court, and for that error the judgment will be reversed and the cause remanded with directions to the circuit court to overrule the motion of the commissioners to dismiss the appeal, and for further proceedings according to law.