Little Rock and Fort Smith Railroad Co. vs. Howell.

--------

LITTLE ROCK AND FORT SMITH R. R. CO. VS. HOWELL.

1. STATUTE: *Construction of.*
   In construing a statute the meaning must be gathered from the whole act; and such a construction given to its several provisions as will render them consistent, and give effect to each.

2. ————: *Rights of settlers on railroad lands.* ·

By act of November 26th, 1856, the Legislature granted to the Little Rock and Fort Smith Railroad Company the lands donated by Congress to the State to aid in the construction of the Cairo and Fulton Railroad and its branches, which were adjacent to the route of the former road, subject to all the provisions, restrictions, limitations and rights created by the act, so far as the same were applicable. The act also granted to the Cairo and Fulton Railroad Company all of the aforesaid lands adjacent thereto. The second section provided that occupants by residence and cultivation of any of the lands comprised in the grant made by Congress might purchase of the Cairo and Fulton Railroad Company the legal subdivision containing his residence and improvement, not exceeding one quarter section, at two dollars and a half per acre, by complying with other provisions of the act. Both companies having failed to comply with certain conditions of the act, the Legislature, on the 1st of February, 1859, passed an act releasing them from the condition, and, in the third section, provided that actual residents and cultivators on the 1st of November, 1858, might purchase of the Cairo and Fulton Railroad Company, as provided in the former act: Held, that although the Little Rock and Fort Smith Railroad Company was not named in the second section of the first, nor the third section of the last act, it was within the provisions of said sections.

3. TRUST: *Legislative control over land held in trust by the State.*

The fact that the land was donated to the State by Congress upon trust to aid in the construction of the roads, did not impair the Legislative control over it. It was the sole judge of the measures appropriate to effect the object of the grant, and to enable the State to discharge the trust reposed in it by Congress.

APPEAL from *Conway* Circuit Court in Chancery.

Hon. W. N. MAY, Circuit Judge. ·

*Garland,* for appellant.

*Clark & Williams,* for appellee.

HARRISON, J.:

The plaintiff, George W. Howell, resided on and cultivated, on the 1st day of November, 1858, and until the commencement of this suit, the north fractional part and the south fractional part of the southwest quarter of section six, in township

five, north of range fifteen west, containing 126.54 acres in Conway county, part of that portion of the lands granted by Congress to the State of Arkansas to aid in the construction of the Cairo and Fulton Railroad and its branches, transferred and granted by the State to the Little Rock and Fort Smith Railroad Company in aid of the construction of its road, and having filed in the Auditor's office the requisite proof of such residence and cultivation, after the title of the company had become indefeasible, and it could sell and dispose of the lands, he applied to purchase the tract, offering the price, two dollars and fifty cents per acre, fixed by the Legislature.

The company refusing to sell to him at that price, he brought this suit against it to compel the sale.

Upon demurrer to the complaint, the sale of the tract, at the price so fixed and offered by the plaintiff, was decreed by the court, and the defendant appealed.

The lands along the Fort Smith branch of the Cairo and Fulton Railroad were first granted by the General Assembly, by the act of January 19th, 1855, entitled, "An act fixing the line of the Little Rock and Fort Smith branch of the Cairo and Fulton Railroad, and granting the lands donated by Congress to the State in aid thereof," to a company of the same name as that of the defendant, that had been formed under the general incorporation act of 1851, which failed to accept the grant and comply with its conditions.

The grant to the defendant was by the act of November 26th, 1856, entitled, "An act to amend an act to aid in the construction of the Cairo and Fulton Railroad," approved January 16th, 1855, the first section of which is as follows:

"SECTION 1. *Be it enacted by the General Assembly of the State of Arkansas,* That all the lands granted, or intended to be granted, to the State of Arkansas by virtue of the provisions of

the act of Congress aforesaid, approved February 9th, 1853, which lie along and adjacent to the route of the said Cairo and Fulton Railroad, from the south boundary of Missouri to the boundary line of Texas, as surveyed, located and established by said company, and approved and confirmed by the act of the General Assembly of the State of Arkansas aforesaid, approved January 16th, 1855, and re-affirmed and established by this act, including all such lands as have been or shall be selected under and by virtue of the provisions contained in said act of Congress, in lieu of such lands as have been sold or may have been otherwise appropriated by the United States, with all the rights conferred by said act of Congress, be and the same are hereby granted, conveyed and confirmed unto the said Cairo and Fulton Railroad Company, as organized under and by virtue of the provisions of the act aforesaid of January 12th 1853, (which act is referred to in the preamble) subject to all the conditions, limitations and restrictions contained in the act of Congress aforesaid, and in the act of Congress entitled, 'An act for the relief of settlers on lands reserved for railroad purposes,' approved March 27th, 1854; *Provided*, That all costs and charges incident to the selection, listing, control and sale of said lands shall be paid by said company, and no part thereof by said State of Arkansas; *Provided, further*, That the lands granted or intended to be granted to the State of Arkansas by virtue of the provisions of the act of Congress aforesaid, approved February 9th, 1853, which lie along and adjacent to the route of the Little Rock and Fort Smith branch of said Cairo and Fulton Railroad be and the same are hereby granted to the Little Rock and Fort Smith Company, according to the provisions of this act, with the restrictions and limitations and rights created by this act, and no other, so far as the same are applicable to said Little Rock and Fort Smith Railroad."

Little Rock and Fort Smith Railroad Co. vs. Howell.

By the second section it was enacted that " Every person who, on the 9th day of February, 1853, occupied, by residence and cultivation thereon, any tract of land comprised in the grant made by virtue of and under the provisions of such act of Congress of February 9th, 1853, may purchase from said Cairo and Fulton Railroad Company, at two dollars and fifty cents per acre, the legal subdivisions of such land as shall include his residence and actual improvements, not to exceed one quarter section, by complying with the following conditions "—and sections three and four are as follows :

" SECTION 3.   Such claimant shall, within three months after said lands are selected and confirmed to said company, and a list or plat thereof filed in the recorder's office in the county in which such lands may lie, file with the Auditor of State his own affidavit, accompanied by the affidavit of two disinterested freeholders of his county, describing the land claimed by legal subdivisions, proving the fact of such occupancy, residence and cultivation upon such legal subdivision with a view to actual cultivation and settlement, before the day above specified, said company may, by giving reasonable notice to such claimant, appear before the Auditor and controvert the facts set forth in such affidavit, and the Auditor may swear witnesses, hear proof, and, for cause shown, set aside any such claim ; *Provided,* That no such claim shall be set aside for misdescription, or error in form only, founded on mistake, but on affidavit showing such mistake, reasonable time may be given for the filing of corrected proof.

" SEC. 4.   Said claimant shall, after three months, or as soon thereafter as said company shall be in a condition to make title, pay to said company the consideration for said land, as hereinbefore provided, whereupon he shall be entitled to receive from said company a deed for the same, but, in case of failure to file said proof or pay said consideration money within the respective times specified, the right to make such purchase shall cease."

And sections six and seven are as follows :

" SECTION 6.   Said Cairo and Fulton Railroad Company shall, within two years from the passage of this act, either grade twenty-five miles or complete ten miles of said road, at the option of said company.

" SEC. 7.   This act shall be deemed a public act, and shall be favorably construed and declared for all purposes therein expressed in all courts and places whatever, and be in force whenever said company shall file with the Governor of this State its bond, to be approved by the Governor, conditioned for the faithful performance of all the trusts and requirements in this act expressed and contained."

Neither the Cairo and Fulton Railroad Company, nor the defendant, either graded the twenty-five miles or completed the ten miles of its road within the two years, and the General Assembly, on the 1st of February, 1859, passed the following act, entitled, " An act concerning the Cairo and Fulton Railroad and its two branches."

" SECTION 1.   *Be it enacted by the General Assembly of the State of Arkansas,* That section six of an act to amend ' An act to aid in the construction of the Cairo and Fulton Railroad,' approved January 16th, 1855, approved 26th November, 1856, be and the same is hereby repealed, and the Cairo and Fulton Railroad Company, and the companies of the Little Rock and Fort Smith branches of the Cairo and Fulton Railroad, be and they are hereby released from that part and condition of their respective bonds to the State, by which they were required to comply with the said section six of the said act of 26th November, 1856, and the said bonds shall be and remain good and valid in all other respects, and all the objects intended to be obtained by the execution of the said bonds by the presidents of the respective companies, shall be as fully and effectively accomplished

from and after the passage of this act, as if the said section six had never constituted a part of said act of 26th November, 1856, and as fully as if each of said companies had complied with the said section of the said act.

"Sec. 2. That the Memphis and Little Rock Railroad Company, having completed the first division of railroad, in accordance with the requirements of law, that company is hereby released from all restrictions in reference to the time of the completion thereof, except such as are imposed in the act of Congress.

"Sec. 3. That every person who, on the 1st day of November, 1858, resided on or cultivated any improvement on any of the land comprised in the grant made by virtue of the act of Congress, approved February 9th, 1853, may purchase from the said Cairo and Fulton Railroad, at two dollars and fifty cents per acre, one hundred and sixty acres, which may include the actual residence, or the farm of such person, as he or she chooses to elect, by complying with the conditions prescribed by the last General Assembly of this State, entitled, 'An act to amend an act to aid in the construction of the Cairo and Fulton Railroad,' approved January 16th, 1855, which was approved November 25th, 1856. *And provided further*, That until such default mentioned in said act, the owners of such improvement shall be entitled to use and occupy the same free of rent or charges.

"Sec. 4.    *        *        *        *        *        * "

Although the defendant, the Little Rock and Fort Smith Railroad Company, is not named in the third section of the above act, nor in the second section of that of 26th November, 1856, yet, as the intent and meaning must be gathered from the whole act, and such construction given to its several parts or provisions as will make them consistent with each other, and so that all shall have an operation and effect, we find no difficulty

in arriving at the conclusion that the settlers upon the lands granted to that company have the same right to purchase their improvements that those on the lands of the Cairo and Fulton Railroad Company have. The last mentioned act declares that " every person who, on the 1st day of November, 1858, resided on or cultivated any improvement on any of the land comprised in the grant made by Congress may purchase," etc. True it says " may purchase from the Cairo and Fulton Railroad Company," but that company owned only that portion of the grant along the line of its road, and could not sell any part of the lands belonging to the Little Rock and Fort Smith Company. The grant to the defendant was with the same restrictions, limitations and rights as that to the Cairo and Fulton Railroad Company. It is, in other words, " provided further, that the lands granted, or intended to be granted, to the State of Arkansas by virtue of the provisions of the act of Congress aforesaid, approved February 9th, 1853, which lie along and adjacent to the route of the Little Rock and Fort Smith branch of said Cairo and Fulton Railroad, be and the same are hereby granted to the Little Rock and Fort Smith Company, according to the provisions of the act, with the same restrictions and limitations and rights created by this act and no other, so far as the same are applicable to said Little Rock and Fort Smith Railroad."

The Cairo and Fulton Railroad Company could demand from occupants, who had complied with the law, for their improvements no more than two dollars and fifty cents per acre, and the defendant's right in the disposal of its lands was to the same extent restricted.

The same right to occupants was reserved in the grant to the Memphis and Little Rock Railroad Company, and it was the manifest intention and policy of the Legislature to protect the settlers on every part of the grant by Congress, and enable them

to secure and save their improvements by purchase at a reasonable price.

The object and effect of the third section of the act of 1st February, 1859, which confirmed the grants to the companies after their failure in the performance of the conditions upon which they were made, was to extend the privilege of purchasing their improvements to settlers who were such on the 1st day of November, 1858.

Construing the section as we have done, effect is given to every part or clause, and the whole act is consistent and harmonious, whereas a literal construction would involve the inconsistency and contradiction we have pointed out. Sedg. Stat. and Con. Law; 199.

But it is contended for the appellant that, as the grant by Congress was for the sole purpose of aiding in the construction of the Cairo and Fulton road and its branches, the General Assembly could not require the appellant to sell any part of its lands to particular persons and at a limited or fixed price. Had the grant by Congress been made to the companies to which the lands have been transferred, this objection would be pertinent and forcible ; but as it was to the State, they necessarily became subject to the control and disposition of the Legislature, which, in the exercise of its discretion in the execution of the trust, could have created other companies and granted the lands to them, no obligation, certainly, was incurred by the State, in accepting the grant, to transfer them to the companies it did, nor, perhaps, to any other. The Legislature was the sole judge of the measures appropriate or expedient to effect the end intended by the grant, and to enable the State to discharge the trust reposed in it by Congress.

The provision conferring on occupants the right to purchase one hundred and sixty acres, including their improvements, at

two dollars and fifty cents per acre, was a just and reasonable one, the price so fixed being twice that at which the Government offered them previous to the grant to the State, and the appellant, accepting the grant upon the terms and conditions imposed, must be held to abide by and perform them.

The decree of the court below is affirmed.