## BARTLETT ET AL. V. CRAWFORD, AUDITOR.

BLIND INSTITUTE: *Right to proceeds of sale of property at Arkadelphia.*.
    The blind institute belongs to the state; its trustees are but agents of the
    state; and having failed to sell the property of the institute at Arka-
    delphia and apply the proceeds to the institute at Little Rock, as di-
    rected by the act of July 22, 1868, the legislature could by a subsequent
    act, rightfully sell the property and cover the proceeds into the treas-
    ury, divested of all claims of the trustees to them.

APPEAL from *Pulaski* Circuit Court.
Hon. J. W. MARTIN, Circuit Judge.

*S. P. Hughes*, for appellants:
Cited *act of July* 22, 1868, (*Pamph. Acts, p.* 154); *sec.* 2,.
*Acts of* 1869, *p.* 136.   Act must be liberally construed.   2
*Story Eq. Ju., secs.* 1139, 1161, *b, et seq.,* 1192.

Statute of limitation does not run against a charitable
trust.   2 *ib.,* 1192, *a.*

There was money in the treasury properly appropriated
for this claim.   *App. act of* 1879, *p.* 103 *of Pamph. Acts.*

*Henderson, Attorney General,* for auditor.
State might dispose of the property in its discretion.   It.
made no provision for disbursement of the fund.   Under
act of March 8, 1877, it was properly paid into the treas-
ury, and did not come under any appropriation.   Auditor
had no authority to pay.

ENGLISH, C. J.   The legislation directly bearing on the
question of law presented in this case, follows:
By section nine of the act of July 22, 1868, (*Acts 1868,
p. 157*), to provide for the removal of the Institute for the
Blind from Arkadelphia to Little Rock, the trustees of the

institute were empowered " to sell all surplus furniture and other property not needed for the use of the institute, including the house and grounds at Arkadelphia and apply the proceeds arising from such sales to the improvement of the grounds to be purchased at Little Rock, or to the payment of materials or labor in constructing permanent buildings."

The trustees, it appears, made no sale of the Arkadelphia house and grounds under the act.

By act of April 9, 1869 (*Acts of 1869, p. 136*), the lots, buildings, improvements and hereditaments in Arkadelphia, known as the Arkansas Institute for the Blind, and owned by the state, were donated to the city of Arkadelphia, on condition that the city establish a free high school of the character designated in the act, etc., and " if said city shall fail to establish, within one year, said school, the city of Arkadelphia shall get or have no title or claim whatever to said property by virtue of this act, and the said property shall revert back to state of Arkansas."

It appears that the city of Arkadelphia failed to establish a high school as required by this act.

By act of March 8, 1877 (*Acts of 1877, p. 39*), the commissioner of state lands was authorized and directed to sell, at the court-house door in Arkadelphia, to the highest bidder, the property known as the "Arkansas Institute for the Blind," one-third of the purchase-money to be paid in cash, one-third in twelve months, and one-third in two years; to take notes with security for the deferred payments, and to execute a deed for and on behalf of the state to the purchaser, retaining a lien for purchase-money.

By the appropriation act of March 18, 1879 (*Acts of 1879, p. 103*), there was appropriated "for refunding money erroneously paid into the state treasury, or into the school fund of any of the counties of the state, $10,000."

On the twenty-second of April, 1879, Liberty Bartlett, Andrew Hunter and Roderick L. Dodge, trustees of the Arkansas Institute for the Blind, presented a petition to the circuit court of Pulaski county for mandamus against John Crawford, auditor of state, in which they stated, in substance:

That the city of Arkadelphia having failed to comply with the conditions of the act of April 9, 1869, the property reverted to the Institution for the Blind at Little Rock, for the purposes mentioned and specified in section 9 of the act of twenty-second of June 1868, above copied.

That by authority of the act of March 8, 1877, the commissioner of state lands sold said property, and had since paid into the state treasury $700 as the net proceeds of sale, and the same was in the treasury.

That said money was erroneously paid into the treasury of the state, and should have been paid to the trustees of said Arkansas Institution for the Blind for the uses and purpose specified in section 9 of the act of twenty-second of July, 1868.

That the relators, as such trustees, on the —— day of ——, 1879, certified and presented to the auditor of state an account of $700, and asked that he draw a warrant on the treasury of the state therefor, to be paid out of an appropriation to refund money erroneously paid into the state treasury made by the appropriation act of March 18, 1879, which account is attached, and the auditor refused to issue the warrant. Prayer for mandamus to compel him.

The auditor, in his response, stated in substance, that the commissioner of state lands had sold the Arkadelphia property, as directed by the act of March 8, 1877, collected two installments of the purchase-money, and paid the same into the state treasury, but that the act made no provision whatever for its disbursement on the warrant of

respondent, and that he had no authority, specially or generally conferred, to draw his warrant on said amount so paid into the state treasury by the commissioner.

That no appropriation could, by law, be made for a longer period than two years, and if said fund in fact was the property of the trustees of the school for the blind as stated in the petition, respondent had no power or authority, under or by virtue of any appropriation act or otherwise, to draw his warrant in favor of petitioners for said sum or fund.

That there was no plainly-defined duty or power conferred by law upon respondent to draw upon said fund, although in equity it might perhaps belong to said trustees for the uses stated, etc.

On the petition and response, the court refused the mandamus, and the trustees appealed.

There is nothing in the case requiring the court to look into the history of the Arkadelphia property prior to the removal of the Institute for the Blind to Little Rock. Appellants base their claim to the proceeds of the sale of the property, which is conceded to have belonged to the state, on the ninth section of the act of July 22, 1868.

BLIND IN-
STITUTE:
Right to
proceeds of
property at
Arkadel-
phia.
Appellants are mere agents of the state, appointed by the governor to manage a charitable institution established and maintained by the state, at Little Rock, for the education of the blind. Their appointment was provided for, and their powers and duties prescribed, by an act which is embodied in *Gantt's Digest, secs. 327 to 357.*

Large appropriations have been made by the legislature, from time to time, to erect buildings, and support the institution. It could, at pleasure, abolish it, and strip the trustees of their offices.

By the ninth section of the act of July 22, 1868, they were directed to sell the Arkadelphia property, and apply

the proceeds to the improvement of the grounds to be purchased at Little Rock, or in payment for materials or labor in constructing permanent buildings.

This they did not do, and the state provided other means.

The legislature donated the property to the city of Arkadelphia, on condition that it would establish a high school, which it failed to do, and the property reverted to the state.

About eight years after, the commissioner of state lands, under authority from the legislature, sold the property, and paid over the proceeds, as far as collected, into the state treasury, the sale failing to provide for a disposition of them.

More than ten years after the trustees were directed to sell the property, and use the proceeds for specified purposes, and after the purposes for which they were to be used had been accomplished by other appropriations from the state, they claim the fund as a matter of legal right.

At the last session of the legislature, a sum not exceeding $11,000 per annum was appropriated for the support of the institution.

Appellants must await the pleasure of the legislature about the fund in question, though their zeal for a noble charity is commendable.

Affirmed.