HARRIS *v.* EMMERLING.

5-531                                          271 S. W. 2d 618

Opinion delivered October 11, 1954.

*House, Moses & Holmes, Tom Gentry,* Attorney General, and *James S. Sloan,* Asst. Attorney General, for appellant.

*Martin K. Fulk,* for appellee.

Ed. F. McFADDIN, Justice. The posed question is, whether the Resources & Development Commission of Arkansas has the power to dispose of the property herein concerned by pursuing the provisions of Act 317 of 1937. We answer the question in the negative because of the facts and reasoning here set forth.

On December 30, 1953, the Westinghouse Electric Corporation conveyed valuable property in Garland County to the State of Arkansas. The granting clause recited that Westinghouse ". . . does hereby grant, give, convey and quit claim unto the State of Arkansas and its assigns, as a gift, such gift, or the proceeds realized by sale, exchange, or other disposition thereof, to be used exclusively for public purposes in promoting the lawful functions and purposes of the Arkansas Resources and Development Commission . . ."

The property was duly accepted (see § 9-107 Ark. Stats.); and thereafter the Resources and Development Commission (hereinafter called "Commission") adopted a resolution declaring the conveyed property ". . . to be surplus to the needs of the Commission and its lawful functions and purposes . . ." The resolution of the Commission further stated:

"Be It Further Resolved, That, in accordance with Act 317 of the Acts of the Legislature of the State of Arkansas for the year 1937, the Chairman and Secretary of the Resources and Development Commission are hereby directed, in accordance with Section 1 of said Act, to certify to the Governor of the State of Arkansas, in dupli-

cate, its proposal for such sale to be made strictly in accordance with the terms and provisions of said Act; and

"Be It Further Resolved, That, if the Governor shall approve such proposal in the manner provided by said Act, the Secretary of the Resources and Development Commission shall thereupon proceed to give notice in behalf of the Resources and Development Commission of the terms of the proposed sale, in accordance with said Act."

After the adoption of the foregoing Resolution, the appellant, Harris, as a citizen and taxpayer, filed this suit in the Pulaski Chancery Court against Emmerling, (as the Executive Director of the Commission), and the other defendants (as being all the members of the Commission); and the complaint alleged that the Commission had no power to proceed under said Act 317 of 1937, and should be enjoined from attempting to make any disposition of the property. To the complaint, the defendants filed a general demurrer, which was sustained; and the complaint was dismissed when the plaintiff refused to plead further. This appeal followed.

That the title to the deeded property passed to the State in trust for ". . . public purposes in promoting the lawful functions and purposes of the Arkansas Resources and Development Commission . . ." is perfectly clear. The Act creating the Commission specifically authorizes it to receive gifts (see § 9-107 Ark. Stats.); and in *Adkins* v. *Kalter,* 171 Ark. 1111, 287 S. W. 388, we said:

"It is well settled that a State may acquire real or personal property by conveyance, gift, or otherwise, and sell or dispose of it as it sees fit. 38 Cyc. 869, and 25 R. C. L. 388, § 21. This Court has held that, under our Constitution, the power of the State in respect to its property rights is vested in the Legislature. *L. R. & Ft. Smith R. Co.* v. *Howell,* 31 Ark. 119; and *Bartlett* v. *Crawford,* 36 Ark. 637."

But the difficult question is whether the Commission can dispose of the property, either under Act 317 of 1937,

or under any other Statute—and none is cited—until the Legislature sees fit to authorize such disposition. The general rule is that the power of an agent or agency of the State to part with the State's title to property is to be strictly construed. In *McCarter* v. *Lehigh Valley R. Co.*, 78 N. J. Eq. 346, 79 Atl. 93, there is this clear statement:

"Nothing is better settled than that the state is not presumed to have parted with any part of its property, in the absence of conclusive proof of an intention to do so. *Stevens* v. *Paterson & Newark R. Co.*, 34 N. J. Law, 532, 533, 3 Am. Rep. 269; *Martin* v. *Waddell,* 16 Pet. 411, 10 L. Ed. 997; *Polhemus* v. *Bateman,* 60 N. J. Law, 163, 37 Atl. 1015. 'Any ambiguity must operate against the grantee and in favor of the public.' *U. S.* v. *Michigan,* 190 U. S. 401, 23 Sup. Ct. 742, 47 L. Ed. 1103."
See generally 59 C. J. 16 *et seq.;* 81 C. J. S. 1079 *et seq.;* and 48 Am. Jur. 270 *et seq.*

With the general rule being as above stated, we turn to Act 317 of 1937 (which may be found in § 7,105 et seq. Ark. Stats.). The first two sentences of the said Act read:

"The several State boards or commissions having supervision of the affairs of institutions of the State of Arkansas are hereby each empowered from time to time to sell, for cash in hand, and upon compliance with the provisions of this Act, the lands, in whole or in part, belonging to the respective said institutions or belonging to the State and held for their benefit. The respective said board or commission shall, through its Chairman and Secretary, certify to the Governor, in duplicate, its proposal for any such sale."

From these sentences—and there are no others in the Act extending its provisions to other institutions—it is clear that the Act is applicable only to Boards or Commissions ". . . having supervision of the affairs of institutions of the State . . ." The important word to

notice is *"institutions"*.[1] This word, as used in the
Statute, means such State agencies as the State Hospital,
the State Penitentiary, the State Tuberculosis Sanato-
rium, the McRae Tuberculosis Hospital, and other agen-
cies of a similar nature, having charge of buildings and
properties for carrying out the purposes for which the
State operates such institutions. The Boards and Com-
missions having supervision of the affairs of such insti-
tutions are the ones to which said Act 317 has reference.

The Resources and Development Commission does
not have supervision of the *affairs of institutions of the
State*. The Act creating the Resources and Development
Commission is Act 138 of 1945, and may be found in
§ 9-101 et seq. Ark. Stats. The Commission is—*inter alia*
—to bring labor, industry and agriculture into accord
for developing Arkansas, to publicize Arkansas' great
industrial operations, to stimulate travel into Arkansas,
to promote the further use of navigation and hydro-elec-
tric power, to co-operate with civic organizations devoted
to the welfare and development of the State, and to recom-
mend to the Governor the means and methods for a more
efficient operation of the State Government. Among
other powers and duties of the Commission, it is also au-
thorized to ". . . make a study of the institutions sup-
ported in whole or in part by this State . . ." It is
clear that the Resources and Development Commission
does not have supervision of any State institution, and
therefore does not come within the purview of the said
Act 317 of 1937. The power to dispose of the property
here involved is not vested in the Resources and Develop-
ment Commission by the Act 317. The power to dispose
of the property here involved is now vested in the Legis-
lature.

Therefore it follows that the Chancery Court was in
error; and the decree is reversed and the cause is re-
manded for further proceedings not inconsistent with
this opinion.

---

[1] In 21 Words & Phrases, Permanent Ed., p. 666, cases may be
found from many jurisdictions construing the word "institution"; and
in 40 Words & Phrases, Permanent Ed., p. 34, cases may likewise be
found construing the words "State institutions." Title 7 of Ark. Stats.
is entitled: "State institutions in general; Hospitals."