The Honorable Jay Bradford State Senator Chair, Human Services Subcommittee State Capitol, Room 315 Little Rock, AR 72201
Dear Senator Bradford:
This is in response to your request for an opinion, on behalf of the Human Services Subcommittee of the Joint Interim Committees on Public Health, Welfare Labor and State Agencies, concerning the authority of the legislature with regard to the State Hospital.[1] You have asked whether the legislature can "close down" the State Hospital or move it from its present location without the approval of the State Hospital Board ("Board"). It is my understanding from conversations subsequent to your request that by your reference to "closing down" the hospital, what is contemplated is consolidating the existing services and facilities of the State Hospital in Little Rock with those of the Benton Services Center or another institution, and then subsequently selling or leasing the Little Rock State Hospital lands to a third party.
It is my opinion that while statutes currently in place grant considerable authority to the Board with regard to the sale or lease of the State Hospital, the legislature could conceivably repeal the existing laws and enact new legislation authorizing a different procedure. The state constitutional provision at Amendment 33, § 2 which prohibits the abolishment or transfer of the powers of the Board must, however, also be taken into consideration in this regard.
As a general matter, it is settled that a state may acquire real or personal property by conveyance, gift or otherwise, and sell or dispose of it as it sees fit. Adkins v. Kalter,171 Ark. 1111, 287 S.W. 388 (1926). The Arkansas Supreme Court has also held that, under our Constitution, the power of the state in respect to its property rights is vested in the Legislature.Adkins v. Kalter, supra; Little Rock Fort Smith R. Co. v.Howell, 31 Ark. 119 (1876); and Bartlett v. Crawford,36 Ark. 637 (1880). With regard to a state agency's interest in property, however, the specific statutory authority of the particular agency in question must be considered as well. The relevant statutory provision currently governing the sale of land by a state agency is set out at A.C.A. § 22-6-601 (Cum. Supp. 1991). This section states in pertinent part that:
 (a)(1) The several state boards or commissions having supervision of the affairs of the charitable, penal, correctional, educational, and other institutions of the State of Arkansas . . . are each empowered from time to time to sell, for cash in hand, and upon compliance with the provisions of this section, the lands, in whole or in part, belonging to or under the supervision or control of the respective state agency, or belonging to the state and held for the use or benefit of the state agency.
In construing this provision, the Arkansas Supreme Court inHarris v. Emmerling, 224 Ark. 40, 271 S.W.2d 618 (1954) held that while the Resources Development Commission did not have the power to dispose of property pursuant to the section, the provision was applicable to boards or commissions "having supervision of the affairs of institutions of the State."224 Ark. at 43. As an example of such a board, the Court noted that "[t]his word, as used in the Statute, means such State agencies as the State Hospital . . . and other agencies of a similar nature, having charge of buildings and properties for carrying out the purposes for which the State operates such institutions."224 Ark. at 44. The court went on to hold that the Resources and Development Commission did not have supervision of the affairs of institutions of the state and thus the act was not applicable to the commission. The commission could therefore not dispose of the property until the legislature saw fit. It appears, however, that the Court's holding in Harris v. Emmerling, supra, would require application of § 22-6-601 to the State Hospital Board. It is my opinion that, accordingly, the statute as currently enacted would require a sale of the State Hospital to be accomplished by the Board.
A similar conclusion may be drawn with regard to a lease of the State Hospital by the Board. As noted in Op. Att'y Gen. 92-134, a copy of which is attached, A.C.A. § 20-46-206 (Repl. 1991) currently grants considerable authority to the State Hospital Board to lease State Hospital lands "which are located in close proximity to the War Memorial Stadium." See Op. Att'y Gen.92-134 and A.C.A. § 20-46-206.
It is, however, well established that our state constitution leaves to the legislature the absolute power to legislate unless prohibited from so doing by the constitution. Black v. Cockrill,Judge, 239 Ark. 367, 389 S.W.2d 881 (1965). Accordingly, the General Assembly could, conceivably, repeal the above referenced Code sections which appear to limit its authority in a sale or lease of the State Hospital. The only restriction in this regard would be if the legislature were prohibited from doing so by the state constitution.
In this regard, reference should be made to amendment 33, § 2 of the Arkansas Constitution, which states in pertinent part that:
 The board or commission of any institution, governed by this amendment, shall not be abolished nor shall the powers vested in any such board or commission be transferred, unless the institution is abolished or consolidated with some other State institution. . . .
Section 1 of amendment 33 states that the provision applies to the boards or commissions charged with the management or control of all charitable, penal or correctional institutions and institutions of higher learning of the state. Accordingly, the provision would, in my opinion, apply to the State Hospital Board. See Harris v. Emmerling, supra.
It would therefore appear that the Constitution would not prohibit an abolition of the State Hospital or its consolidation with some other state institution, provided the State Hospital Board were abolished or its powers transferred as well.
Finally, while it may be concluded as a general matter that the parties can negotiate the sale provisions, any questions concerning the state's actions in the particular sale would require consideration of the actual terms agreed upon. I have not been provided with specific information in this regard; but in any event, this matter is properly referred to the parties and their legal counsel for consideration with reference to the specific facts. The attorney for the Board would be the appropriate reference source in this regard.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SLD:cyh
Enclosure
[1] You mention in your request that an opinion was previously requested from the State Hospital Board on an issue related to that which is the subject of your request. While this office was in receipt of such a request, it was my understanding that the matter at issue with the Board was to be dealt with internally and thus the need for an opinion was mooted. I have, however, subsequently reinstated the request and have issued that opinion to the Board. See Op. Att'y Gen. 92-134, a copy of which is attached.