The Honorable Douglas C. Kidd State Representative P.O. Box 137 Benton, Arkansas 72018
Dear Representative Kidd:
This is in response to your request for an opinion regarding Act 549 of 1993 and Amendment 33 to the Arkansas Constitution. Act 549 merged the Board of Correction and the Arkansas Adult Probation Commission to form the Board of Correction and Community Punishment. Specifically, you have asked whether the provision establishing the seven member Board of Correction and Community Punishment, or any other part of Act 549, violates Ark. Const. Amend. 33. It is my opinion that Act 549 of 1993 in all likelihood does not violate Amendment 33 to the Arkansas Constitution.
Amendment 33 to the Arkansas Constitution provides in part:
 § 1. Term of office of members. The term of office of members of the boards or commissions charged with the management or control of all charitable, penal or correctional institutions and institutions of higher learning of the State of Arkansas, now in existence or hereafter created, shall be five years when the membership is five in number, seven years when the membership is seven in number, and ten years when the membership is ten in number. . . .
 § 2. Abolition or transfer of powers of board or commission-Restrictions. The board or commission of any institution, governed by this amendment, shall not be abolished nor shall the powers vested in any such board or commission be transferred, unless the institution is abolished or consolidated with some other State institution. In the event of abolition or consolidation, the new board or commission shall consist of a membership of five, seven, or ten.
 § 3. Increase or decrease of members of board or commission prohibited. The membership of any such board or commission now in existence shall not be increased or decreased in number after the effective date of this amendment nor shall the number of members of any such board or commission created after this amendment is in operation be increased or decreased subsequent to its creation.
(Emphasis supplied.) Under section 2 of Amendment 33, the boards charged with the management or control of penal or correctional institutions cannot be abolished nor can the powers vested in such a board be transferred, unless the institutions governed by the board are abolished or consolidated with some other state institution. See Op. Att'y Gen. No. 95-068. In addition, the General Assembly is prohibited from increasing or decreasing the number of members of any such board. See
Ark. Const. Amend. 33, § 3.
As previously discussed, Act 549 of 1993 merged the Board of Correction and the Arkansas Adult Probation Commission to form the Board of Correction and Community Punishment. The newly created board has seven voting members, and each member serves a seven year term. Act 549 of 1993, § 3. Act 549 provides that the "Board of Correction and Community Punishment . . . shall succeed to all powers, functions, and duties formerly vested in the State Penitentiary Board and the former Board of Correction." Act 549 of 1993, § 1. The act also provides that the "Board of Correction and Community Punishment . . . shall succeed to all powers, functions, and duties formerly vested in the State Penitentiary Board and the Arkansas Adult Probation Commission." Act 549 of 1993, § 7. Finally, Act 549 provides:
 The Board of Correction and Community Punishment . . . shall perform all functions with respect to the management and control of the adult correctional institutions and community punishment options of this state contemplated by Arkansas Constitution, Amendment 33. No provision of this act shall abridge, diminish, or curtail, in any respect, the authority vested in the Board of Correction and Community Punishment, as the successor to the State Penitentiary Board and the Arkansas Adult Probation Commission to govern and supervise the administration of the state penal institutions and community punishment options.
Act 549 of 1993, § 4.
In short, the Board of Correction and Community Punishment succeeded to all powers, functions, and duties formerly vested in both the Arkansas Adult Probation Commission and the former Board of Correction. In addition, the Board of Correction and Community Punishment consists of seven members; however, prior to the effective date of Act 549, the Board of Correction consisted of only five members.[1] See A.C.A. § 25-17-201
(Repl. 1992) and A.S.A. § 7-201 (superseded). Initially, it is my opinion that the provisions of Amendment 33 clearly applied to the former Board of Correction; the former Board of Correction was charged with the management and control of the adult correctional institutions. A.C.A. §12-27-105 (superseded). Thus, the critical issues that must be addressed are (1) whether the powers vested in the former Board of Correction were transferred to the Board of Correction and Community Punishment in violation of Amendment 33 and (2) whether the membership of a board governed by Amendment 33 was improperly increased.
It is a well-established principle that an act of the legislature is presumed to be constitutional, and any doubt on the question of constitutionality must be resolved in favor of the act. Handy Dan Imp.Center, Inc. v. Adams, 276 Ark. 268, 633 S.W.2d 699 (1982). An act of the legislature will not be held unconstitutional unless there is a clear incompatibility between the act and the Constitution. Jones, et al. v.Mears, et al., 256 Ark. 825, 510 S.W.2d 857 (1974); Walden v. Hart,243 Ark. 650, 420 S.W.2d 868 (1967); see also Pogue v. Cooper, 284 Ark. 105,679 S.W.2d 207 (1984). In fact, the Arkansas Supreme Court has stated that if it is possible to construe a statute so as to pass constitutional muster, it will do so. Ports Petroleum Co. v. Tucker, 323 Ark. 680,916 S.W.2d 749 (1996). Finally, the party challenging a statute would have the burden of proving it unconstitutional. Arnold v. Kemp, 306 Ark. 294,813 S.W.2d 770 (1991).
Based upon the foregoing principles of statutory interpretation, it is my opinion that Act 549 of 1993 in all likelihood validly consolidated the institutions formerly governed by the Board of Correction and the institutions formerly managed by the Arkansas Adult Probation Commission. The institutions governed by the former Board of Correction were the adult correctional institutions. A.C.A. § 12-27-105
(superseded). The institutions formerly managed by the Adult Probation Commission were the facilities other than jails or prisons used in providing probation services. A.C.A. §§ 12-48-101—106 (superseded); seealso Op. Att'y Gen. No. 88-348; Act 549 of 1993, § 7. Amendment 33, § 2, provides that the powers vested in any board or commission of any institution, governed by the amendment, may be transferred if the institution is consolidated with some other state institution.[2] Act 549 consolidates all state penal institutions and community punishment options, including Adult Probation Commission facilities, under the control of the Board of Correction and Community Punishment. Act 549 of 1993, § 4. Further, Amendment 33, § 2, also provides that in the event of consolidation, the new board or commission shall consist of a membership of five, seven, or ten. The Board of Correction and Community Punishment consists of seven members. Act 549 of 1993.
Although interpretive case law does not exist, this office recently interpreted Amendment 33. See Op. Att'y Gen. No. 95-068 (copy enclosed);see also Op. Att'y Gen. No. 88-220 (copy enclosed). In Opinion 95-068, I opined that a proposed act that abolished the State Hospital Board and the Youth Services Board, and transferred their functions and duties to a new board, would be valid if it did in fact result in the consolidation of the State Hospital and the institutions governed by the Youth Services Board. I concluded that the boards of institutions governed by Amendment 33 can be abolished or consolidated only if the institutions themselves are abolished or consolidated. Further, I concluded that the institution governed by the State Hospital Board was the State Hospital, and the institutions governed by the Youth Services Board were the Youth Services Centers. In a footnote, it was noted that it was "not unreasonable to assume that the reality of consolidation may be reflected only in the manner in which the institution is governed, i.e., the makeup of the governing board." Finally, this office reached a similar conclusion in Opinion 88-200, where it was opined that all of the institutions of higher education could be consolidated into one institution and governed by one coordinating board.
In sum, there is no relevant case law construing Amendment 33 to the Arkansas Constitution; however, the Arkansas Supreme Court would presume that Act 549 of 1993 is constitutional, and the party challenging the act would have the burden of proving it unconstitutional. Further, an act of the legislature will not be held unconstitutional unless there is a clear incompatibility between the act and the Constitution, and the court must resolve all doubt in favor of the constitutionality of the act. Accordingly, it is my opinion that the Arkansas Supreme Court would in all likelihood conclude that Act 549 does not violate Amendment 33.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] The Adult Probation Commission consisted of nine members. A.C.A. §12-48-102 (superseded).
[2] Although Amendment 33 does not define "other State institution," the Arkansas Supreme Court has concluded that "institutions," as used in Act 317 of 1937 (now codified as A.C.A. § 22-6-601 (Supp. 1995)), means "such State agencies as the State Hospital, the State Penitentiary, the State Tuberculosis Sanatorium, the McRae Tuberculosis Hospital, and other agencies of a similar nature, having charge of buildings and propertiesfor carrying out the purposes for which the State operates suchinstitutions." (Emphasis supplied.) Harris v. Emmerling, 224 Ark. 40,271 S.W.2d 618 (1954). To some degree, the question of whether an entity is a "state institution" is also a question of fact.