## HUDDLESTON *v.* COFFMAN.

### Opinion delivered April 26, 1909.

1. DRAINS—RIGHT OF APPEAL FROM ALLOWANCE AGAINST DISTRICT.—Although the section of the drainage act which permits an appeal to the circuit court in certain cases (Kirby's Digest, § 1428) made no provision for an appeal from an allowance by the county court of an attorney's fee under Kirby's Digest, § 1424, a right of appeal therefrom existed under the general statute (Kirby's Digest, § § 1487-1493) governing appeals from county courts. (Page 221.)

2. SAME—WHO MAY APPEAL.—One who is a citizen of the county and a taxpayer in a drainage district is interested in an order of the county court allowing a claim against the district, and entitled to appeal therefrom. (Page 222.)

Appeal from Greene Circuit Court; *Frank Smith,* Judge; affirmed.

*Huddleston & Taylor* and *Johnson & Burr, pro se.*

1. The act provides for an appeal from the particular questions therein set forth, but does not provide for an appeal from the allowance of attorney's fees. Kirby's Dig. § 1428. Only those matters enumerated as appealable in the statute may be appealed. *"Expressio unitus est exclusio alterius"* applies. 45 Ark. 524; 20 Ark. 410; 38 Ark. 205; 34 Ark. 663; 1 Ark. 201; 62 Ark. 595; 99 U. S. 582; 25 L. Ed. 331.

2. The allowance of attorney's fees is by the act wholly vested in the sound discretion of the county court. It is therefore not appealable. 80 N. E. 188.

3. The act creates rights which did not exist at common law, and provides within itself a restricted right of appeal, which remedy is necessarily exclusive. 57 S. W. 770, 781 and authorities cited; 102 U. S. 625, 26 L. Ed. 122, 124; 91 U. S. 29, 23 L. Ed. 196; 87 U. S., 520, 22 L. Ed. 376; 120 U. S. 747, 30 L. Ed. 825.

4. A direct appeal cannot be taken from an order granted *ex parte.* 2 Enc. Pl. & Pr. 96; 2 Cyc. 621; 57 Hun (N. Y.) 181; 27 *Id.* 538; 8 Paige (N. Y.) 481; 10 *Id.* 316; 33 S. E. (W. Va.) 302; 53 N. W. (Minn.) 1157.

5. The provisions of the drainage act regulating appeals were not complied with. Kirby's Dig. § 1428.

6. The general law of appeals does not apply, the act providing a special remedy by appeal for all cases arising under it. 95 S. W. 974; 53 Ark. 417; 80 N. E. 188; 80 Ark. 411; 68 Ark. 130; 51 Ark. 159.

*J. D. Block, S. R. Simpson,* and *Murphy, Coleman & Lewis,* for appellee.

The statute relied on by appellants (Kirby's Dig. § 1428) only enumerated those questions which are of vital importance to the construction of the ditch, and was intended to fix a short period in which to appeal from a determination of such questions by the county court, so as not to retard the digging of the ditch. All other questions are governed by the general law with reference to appeals from the county court. If the allowance of attorney's fees were entirely within the discretion of that court, this would not preclude an appeal. 33 Ark. 514; 43 Ark. 42, 49; 51 Ark. 162-3; 73 Ark. 369; art. 7, § § 14, 33, Const.; Kirby's Dig. § 1487; 73 Ark. 69; 79 Ark. 158.

HART, J. Appellants, at an adjourned term of the county court of Greene County in April, 1908, filed an application for attorney's fees, which is as follows: "Come Johnson & Burr and Huddleston & Taylor, the heretofore duly appointed attorneys of record for Eight Mile Drainage District No. Two, and move the court to make to them an allowance for reasonable attorney's fees as attorneys for said district aforesaid, and in the fixing of said fee they ask that the court hear oral evidence as to what would be a reasonable attorney's fee in said cause, and for all other proper and needful relief."

Upon hearing the application the county court made the following order: "On this the 13th day of April, 1908, the same being an adjourned day of the regular April, 1908, term of this court, this matter came on to be heard further upon the petition of Huddleston & Taylor and Johnson & Burr, attorneys heretofore appointed by the court to represent the said district as such, for the allowance of a reasonable attorney's fee herein, and upon the evidence of the following witnesses, to-wit: W. S. Luna, J. T. Craig and Basil Baker, each members of the bar. And the court, after considering the same and being duly advised in the premises, doth grant said petition, and allow to said attorneys a

fee of four thousand dollars, which sum the court doth adjudge a reasonable fee herein."

· M. R. Coffman, an owner of real estate in said drainage district, duly prosecuted an appeal to the circuit court.

On a trial anew in the circuit court, the presiding judge fixed the fee at $3000, and judgment was rendered against said drainage district for that sum. Appellants in turn have duly prosecuted an appeal to this court.

Section 1424 of Kirby's Digest, among other things in regard to the construction of drains and ditches, provides that "the county court shall also allow a reasonable attorney's fee in case an attorney has been appointed by the court to assist in the work provided for by this act."

Section 1428 of the same act provides for an appeal from the county court to the circuit court in certain cases, and also specifies the time and manner of taking the appeal. The matters concerning which an appeal may be taken from the orders and judgments of the county court in relation thereto are expressly enumerated in the sections. The matter of attorney's fees is not one of the subjects enumerated.

The appeal in the present case was not taken under section 1428 of Kirby's Digest, relating to the drainage act, but under sections 1487-1493 of Kirby's Digest, being the general act regulating appeals from the county court.

The provisions of section 1428 in regard to the time and manner of taking appeals from the county court must govern in regard to the particular cases mentioned in that section. *Mills v. Sanderson,* 68 Ark. 130.

The allowance of attorney's fees not having been enumerated as a question from the decision of which an appeal is provided for under the drainage laws, can an appeal be taken from such order under the general law regulating appeals from the county court?

Section 33, art. 7, of our Constitution provides that "appeals from all judgments of county courts or courts of common pleas, when established, may be taken to the circuit court under such restrictions as may be prescribed by law."

· Section 14, art. 7, of the Constitution, provides that circuit courts shall exercise appellate jurisdiction over county courts and other designated courts. It follows, then, that the right of appeal

from the order of the county court in question existed; and, that right not having been conferred in the matter of allowing attorney's fees by the drainage act, it could be exercised under the general acts governing appeals from county courts. *Phillips County* v. *Lee County,* 34 Ark. 240.

Coffman was a citizen of Greene County, and owned land in the drainage district. He was, therefore, an interested party, and not a mere interloper. Sec. 13, art. 16, of the Constitution, provides that "any citizen of any county, city or town may institute suit in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever."

The order of the county court, if improperly made, amounted to an illegal exaction, and Coffman, being individually interested in the order, had the right of appeal. This seems to us to be the plain and natural construction of these clauses of the Constitution. To hold otherwise would be to place the interested parties at the mercy of the county court, and might have the effect of imposing a grievous burden upon them without any right whatever of appeal. This rule of construction was applied in the case of *Lee County* v. *Robertson,* 66 Ark. 82, in which the court held: "Where a citizen and tax payer of a county appeared in the levying court, and asked to be made party to an order appropriating county funds, and made objections thereto, and was treated as an adversary party in that court, though not formally made a party, he will be entitled to appeal to the circuit court from the order making such appropriation." See also *Phillips County* v. *Lee County, supra.*

This being manifestly the construction intended by the framers of the Constitution and recognized by this court in adjudicated cases, it is unnecessary for us to discuss or review in this opinion the decisions of the courts of other States cited by the counsel for appellants.

Appellants do not contend that the reduction of the fee by the circuit court was error, and that question is not before us.

We are of the opinion that an appeal lay from the judgment of allowance of the county court in the matter of the attorney's fees, and, no appeal having been provided for in the act under

which drainage districts are created, such appeal could be taken under the general acts governing appeals from the county courts, and that Coffman, being a citizen and landowner of the drainage district, had the right to appeal.

Therefore the judgment will be affirmed.