REBSAMEN, BROWN & COMPANY *v.* VAN BUREN COUNTY.

Opinion delivered May 14, 1928.

*Taylor Roberts* and *Carmichael & Hendricks,* for appellant.

*W. H. Cooper,* for appellee.

McHANEY, J. Appellants are certified public accountants of Little Rock, Arkansas, and on the 4th day of December, 1926, entered into a contract with the county judge of Van Buren County, to make an audit of the books and records of said county for a period of four years, ending December 31, 1926, and submit a report of such audit to the county judge, for which they were to be paid the sum of $1,000. Acting under said contract,

they entered upon said work in December, 1926, and finished same in March, 1927, submitted a report of their audit to the county judge at Bee Branch, in said county, the last day of April or the first day of May, which the county judge declined to accept. They thereafter filed a copy of said report on July 5, 1927, with the clerk of the court. The county judge who made and executed the contract for appellee went out of office December 31, 1926, and a new county judge came in January 1, 1927.

At a meeting of the quorum court held November 15, 1926, said court took the following action:

"Now on this day, on motion of G. C. Pledger that the county judge be requested to make an order directing an audit of the county records. Vote 16 for, J. W. Hutchins being absent, same being a majority in favor of an audit."

With reference to the appropriation for making an audit, the following occurred: "Now on this day, on motion of G. C. Pledger, that an appropriation of $1,000 be made for the purpose of paying for county audit. Vote by roll call. 12 in the affirmative, and 4 against"; setting out the names of those voting for and against.

The record in this case fails to show an order of the county court authorizing the county judge to enter into said contract with appellants, nor is there any order of the county court in this record ratifying or confirming the contract as made by the county judge on the 4th day of December, 1926. The claim was presented to the county court, disallowed by it, and an appeal was taken to the circuit court, where, on a trial *de novo,* the circuit court also disallowed the claim.

In view of the disposition we make of it, we find it necessary to discuss only one question, and that is, whether the contract between appellants and appellee, executed by the county judge, was valid and binding on the county. By section 28, article 7 of our Constitution, county courts "have exclusive original jurisdiction in all matters relating to * * * the disbursement of money for county purposes and in every other case that

may be necessary to the internal improvement and local concerns of the respective counties * * *.''

Section 2279, C. & M. Digest, provides: ''The county court of each county shall have the following powers and jurisdictions: Exclusive original jurisdiction in all matters relating to county taxes * * *; to audit, settle and direct the payment of all demands against the county * * *; to disburse money for county purposes, and in all other cases that may be necessary to the internal improvement and local concerns of the respective counties.''

Thus it will be seen that, by the Constitution and statutes of this State, the county court, and not the county judge, had the power and authority to make the contract here involved. It was so held, after reviewing the above section of the Constitution and the above and other sections of our statutes, in *Leathem & Co.* v. *Jackson County*, 122 Ark. 114, 182 S. W. 570, Ann. Cas. 1917D, 438, where it was held that the county court had the authority to employ expert accountants to audit the books of the county. The contention was there made that the contract between Leathem & Company and Jackson County was made by the county judge, and not by the county court, and that the contract was therefore void. But in that case the county court, after entering into the contract, entered of record an order ratifying the employment of the auditors, and stating the reason therefor. Also, the county court made an order allowing the claim of appellants, which was appealed to the circuit court, and the circuit court held that there was no authority in law for the making of the contract, and that as made it was void, as well as the order ratifying it. With reference to that question this court said:

''It will be noted that the county judge first made the contract with appellants. The county court subsequently entered of record an order ratifying the contract and setting forth the reasons which caused the court to make the contract. The county may, like an individual, ratify

an unauthorized contract made in its behalf if it is one the county could have made in the first instance. Such ratification will be equivalent to original authority." Citing cases.

But in the case now under consideration the contract was not made by the county court by an order entered of record, nor was it subsequently ratified by an order confirming and approving the contract. The county judge who made the contract went out of office twenty-seven days thereafter, and, when the audit was completed and presented to the new county judge, he refused it, declined to allow the claim therefor, and we find nothing in the record showing that the county has ratified the making of the contract. Neither is it shown that it has accepted said audit, or any benefits therefrom. The action of the quorum court in requesting the county judge to make an order directing an audit has no binding effect on the county. An appropriation was made by it to pay the expense of an audit, but, as we have seen, the jurisdiction to make the order entering into the contract rested solely with the county court, and, not having been done by the county court, but by the county judge, it must be held that his action in entering into this contract was not binding upon the county.

It necessarily follows that the judgment of the circuit court must be affirmed.