LYONS MACHINERY COMPANY *v.* PIKE COUNTY.

4-4247

Opinion delivered March 30, 1936.

*Alfred Featherston,* for appellant.

*Tom Kidd,* for appellee.

HUMPHREYS, J. This suit was commenced in the county court of Pike County by appellant filing a verified account or claim against said county in the sum of $2,110 for concrete culvert forms. The claim was filed on April 1, 1935, with the county clerk, and was disallowed by the county court on the same day. An appeal was taken to the circuit court of said county from the judgment of disallowance, where the cause was submitted to the court without the intervention of a jury, resulting in a judgment dismissing appellant's claim, from which is this appeal.

According to the undisputed evidence in the instant case, the contract for the sale and purchase of the concrete culvert forms was entered into in Little Rock, Arkansas, between W. J. Mauney, the county judge of Pike County, and appellant corporation on the 26th day of October, 1934, and no order or judgment of the county court was entered approving the contract.

No authority or power is conferred upon county judges by the Constitution or by statute to make contracts on behalf of the county. With certain limitations, such authority or power is conferred by the Constitution and statutes upon county courts. Article VII, § 28, Con-

stitution of 1874; Amendment No. 10 to the Constitution of 1874; §§ 1976 and 2279 of Crawford & Moses' Digest. *Rebsamen, Brown & Co.* v. *Van Buren County,* 177 Ark. 268, 6 S. W. (2d) 288.

It is suggested by appellant that, even though the contract be held by the court to be invalid, it should be entitled to recover under the rule of *quantum meruit.* The argument is made that because Judge Mauney accepted the shipment and stored same on county property, the county is liable on a *quantum meruit* basis. This might be true if the county had made any use of the concrete forms in the construction of culverts, but it did not use them. The county has refused to use them, and makes no claim to them. In fact, it claims to have no use for them, and no money with which to buy concrete with which to build culverts.

The judgment is affirmed, disallowing appellant's account or claim.