KEENAN *v.* WILLIAMS, CHANCELLOR.

5-768                                                    283 S. W. 2d 688

Opinion delivered November 14, 1955.

*Richard Mobley,* for petitioner.

*Robt. J. White,* for respondent.

GEORGE ROSE SMITH, J.  This is an application by the petitioners for a writ of prohibition to prevent the respondent from proceeding with a chancery case in which these petitioners are the defendants. It is the petitioners' contention that the complaint in the court below fails to state a cause of action cognizable in equity.

The complaint was filed by three taxpaying landowners and a judgment creditor of Carden's Bottom Drainage District No. 2. The plaintiffs allege that the defendants, who are the commissioners of the district, have been guilty of mismanagement in conducting the affairs of the district. Specifically, it is charged that the defendants have failed to select a depository for the funds of the district, have failed to require the district's treasurer to give bond, have not kept account books, have refused to report annually the district's financial status, have received $2,148.60 in tax collections without account-

ing therefor, have illegally spent $9,104.70 of the district's funds, and, after the expiration of the time allowed for the assessment of damages resulting from the construction of the improvement, have unlawfully issued certificates of indebtedness for such damages in the amount of about $16,000. It is asserted that the commissioners are refusing to collect taxes from landowners holding such certificates and are permitting the purported damages to be offset against the assessment of benefits. The prayer is that the defendants be ordered to select a depository, to account for the money wrongfully spent, and to submit to a complete audit of the district's affairs; that the defendants be enjoined from paying any sums upon the certificates of indebtedness; and that they be deemed officers of the court for the purpose of being compelled to comply with the court's decree.

The petitioners rely primarily upon Ark. Stats. 1947, § 21-556, which requires the commissioners of drainage districts to file annual financial statements in the office of the county clerk. It is insisted that the statute provides an exclusive remedy in the county court and by implication divests the chancery court of any jurisdiction over such charges of mismanagement as are made in this complaint.

We do not attribute to the statute the comprehensive effect that the petitioners are able to discern in it. It merely requires the commissioners to file an annual statement of the financial condition of the district, to the end that the information may be a matter of public record, open to public inspection. The statute does not direct that any notice be given of the filing of the yearly report, nor does it require that any court take jurisdiction in the matter. In short, the statutory procedure is administrative rather than judicial. There is, it is true, a clause providing for an auditorial examination of the annual statement, but in a similar situation it was held that an act investing the state comptroller with authority to audit county records did not keep a taxpayer from suing in equity to restrain the misuse of county funds. *Ward* v. *Farrell*, 221 Ark. 363, 253 S. W. 2d 353.

This complaint asserts that the defendants have misspent funds of the district, have failed to account for specific tax monies, and have undertaken to pay certificates of indebtedness that are invalid. The plaintiffs ask that the misuse of public money be enjoined and that the commissioners be treated in effect as receivers. See *Dickinson* v. *Mingea,* 191 Ark. 946, 88 S. W. 2d 807.

It cannot be doubted that these matters are within the jurisdiction of equity. The state's policy is declared by the constitution, which authorizes any citizen of a county, city, or town to institute suit to prevent the enforcement of illegal exactions. Art. 16, § 13. Even though the constitution does not expressly refer to improvement districts it has been repeatedly held that, in harmony with the constitutional policy, equity has jurisdiction of suits to prevent the misapplication of improvement district funds. *Huddleston* v. *Coffman,* 90 Ark. 219, 118 S. W. 1010; *City of Bentonville* v. *Browne,* 108 Ark. 306, 158 S. W. 161; *Seitz* v. *Meriwether,* 114 Ark. 289, 169 S. W. 1175. Whether equity has jurisdiction of every count in this complaint need not be decided on the pleadings alone; doubtless many of the issues will be clarified by the proof. It is enough to say at this stage that the petitioners' request for a writ of prohibition should be granted only if the complaint states no ground at all for the intervention of equity. That broad assertion cannot be made.

Writ denied.