GARNER *v.* GREENE COUNTY.

5-1581                                        313 S. W. 2d 785

Opinion delivered June 9, 1958.

[Rehearing denied July 1, 1958.]

*Cecil Grooms,* for appellant.

*Kirsch, Cathey & Brown,* for appellee.

J. SEABORN HOLT, Associate Justice. On March 18, 1957, appellees filed their petition in the Greene County Court praying for an order granting a certain county road, and on the same day the county court granted their petition. On April 29, 1957, appellant, Garner, an interested citizen and taxpayer, who was not however a party litigant, filed an affidavit and prayer for an appeal to the circuit court of Greene County, and on April 30, 1957, the circuit clerk ordered the appeal. On August 17, 1957, appellees filed motion to dismiss Garner's appeal and thereafter, on August 28, 1957, the circuit court

granted appellees' motion and dismissed Garner's appeal. On August 31, 1957, Garner, who was not then a party, for the first time filed in the county court his verified petition *to be permitted to intervene and become a party to the action* under which appellees' petition for the road had been granted. He further asked that the March 18, 1957, order granting the road be set aside and on September 4, 1957 the county court denied Garner's petition to intervene. On September 7, 1957, Garner appealed from the county court's order denying his petition to intervene and upon appellees' motion, the circuit court on November 7, 1957, thereafter, dismissed Garner's appeal and from this order of dismissal comes this appeal.

Appellant stoutly insists that the trial court erred in denying him the right to appeal from the order of the county court on March 18, 1957, and we agree. Appellant was an interested citizen and taxpayer of Greene County and his right to appeal here is based on *Article 7, Section 33*, of the constitution of this state, which provides: "Appeals from all judgments of county courts or courts of common pleas, when established, may be taken to the circuit court under such restrictions and regulations as may be prescribed by law." And, under the provisions of *Sec.* 27-2001 *Ark. Stats.* 1947, relative to appeals, which provides: "Appeals shall be granted as a matter of right to the circuit court from all final orders and judgments of the county court, at any time within six (6) months after the rendition of the same, either by the court rendering the order or judgment or by the clerk of the circuit court of the proper county, with or without supersedeas, as in other cases at law, by the party aggrieved filing an affidavit and prayer for an appeal with the clerk of the court in which the appeal is taken; and upon the filing of such affidavit and prayer the court rendering the judgment or order appealed from or the clerk of the circuit court shall forthwith order an appeal to the circuit court at any time within six (6) months after the rendition of the judgment or order appealed from, and not thereafter. The party aggrieved, his agent or attorney, shall swear in said affidavit that

the appeal is taken because the appellant verily believes that he is aggrieved, and is not taken for vexation or delay, but that justice may be done him.''

In the present case Garner by his verified petition to intervene and to be made a party to the action on August 31, 1957, as of that date became a party to the record in the county court and had the right to appeal, from any adverse decision, to the circuit court at any time within six months after the decision, (March 18, 1957) in accordance with the provisions of the above statute, and, as indicated, the circuit court erred in denying appellant the right to intervene and to become a party. We said in *McMahan* v. *Ruble,* 135 Ark. 83, 204 S. W. 746, ''It is first insisted that the appeal was properly dismissed because appellant was not a party aggrieved within the meaning of the law. But that contention cannot be sustained. Appellant made himself a party to the record in the county court, and he was, therefore, entitled to appeal from an adverse decision . . . As a citizen and taxpayer he had the right to be made a party to the proceeding in the county court.'' And, in the early case of *Lee County* v. *Robertson,* 66 Ark. 82, 48 S. W. 901, we said: ''. . . the motion by appellee to be made a party for the purpose of protesting against this illegal proceedings does not manifest the impertinent interference of a stranger without interest, and, when made a party, by order of the court, he may prosecute an appeal from the judgment thereafter rendered.'' Also, in *Huddleston & Taylor* v. *Coffman,* 90 Ark. 219, 118 S. W. 1010, we said: ''The order of the county court, if improperly made, amounted to an illegal exaction, and Coffman, being individually interested in the order, had the right of appeal. This seems to us to be the plain and natural construction of these clauses of the Constitution (Sec. 33, Art. 7 & Sec. 13, Art. 16). To hold otherwise would be to place the interested parties at the mercy of the county court, and might have the effect of imposing a grievous burden upon them without any right whatever of appeal.''

We hold that when Garner filed his petition in the county court to intervene and became a party to the liti-

gation, from that time he was a party and stood in the shoes of an aggrieved party to the action, and had the right to appeal from the county court's ruling at any time within six months (from March 18, 1957) which he did. But, says appellees: "The circuit court's order of dismissal dated August 28, 1957, was *res judicata* or law of the case with respect to the circuit court's order of dismissal dated November 7, 1957, and appellant's failure to prosecute an appeal from the first order of dismissal by the circuit court constitutes a complete bar to this appeal."

We do not agree, for the reason that on the date (August 28, 1957) that the order of dismissal was made by the circuit court Garner was not then a party to the action, and that judgment could therefore have no effect on his rights. ". . . the doctrine of *res judicata* is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, *as to the parties and their privies,* in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." *Carrigan* v. *Carrigan,* 218 Ark. 398, 236 S. W. 2d 579.

Accordingly, the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

Mr. Chief Justice HARRIS dissents. Mr. Justice McFADDIN not participating.

CARLETON HARRIS, Chief Justice (Dissenting). The holding of the majority is apparently based upon the action of appellant in filing his petition in the county court to intervene and become a party to the litigation on August 31, 1957. This action was taken by Garner after the circuit court had dismissed his first appeal, and following the refusal of the county court to permit the intervention, a second appeal was taken to the circuit court. The majority treat the first appeal as absolutely of no effect, exactly the same as though no steps had ever been taken by Garner until he filed his request to intervene on August 31. Since his appeal from the refusal of the county court to permit

the intervention occurred within six months from the time the order establishing the road was granted (March 18, 1957), the majority say the appeal was perfected in time.

Arkansas Statutes (1947) Annotated provide two methods of appeal from county courts. If the establishment of a road under Sec. 76-917 is sought, appeals are granted under the general act, Sec. 27-2001, which grants six months for an appeal from any final order of the judgment of the county court. If the establishment of a county road is otherwise sought, the appeal is governed by Sec. 76-915. This act provides:

"An appeal from the final decision of the county court for a new county road, or for vacating, altering or reviewing any county road, shall be allowed to the circuit court. Provided, that notice of such appeal be given by the appellant or appellants during the same term of the county court at which said decision was made; and the appellant shall, within ten (10) days thereafter, enter into bond, with good and sufficient security, to be approved by the clerk of the county court, for the payment of all costs and expenses arising from such appeal * * *"

The primary basis for this dissent is my complete accord with the trial court's reasons for dismissing the second appeal, *viz,* an intervention could not be filed, nor appeal taken, after the lapse of the County Court term. But I am also of the opinion that the dismissal of the first appeal should have terminated the litigation. If the section, quoted above, governed, the appeal was certainly properly dismissed. If, on the other hand it was contended that the appeal procedures provided by Sec. 27-2001 should apply, then appellant should have prosecuted an appeal from the adverse decision of the circuit court to this court. It would therefore appear to me that when the circuit court dismissed appellant's first appeal, and no further appeal was taken to this Court, the matter became *res judicata.*[1] The first appeal was dismissed by the circuit court on August 29, 1957, in the following language:

---

[1] Appellant states that the court cannot properly consider this argument because the lower court held contrary to this contention at the time of dismissing the second appeal. There, of course, was no occasion for appellees to cross appeal the *res judicata* finding since they prevailed in the law suit.

"For and in consideration of the petition, the argument of counsel and other matters and things before the Court the Court doth find: That the appeal should be dismissed. It is therefore by the Court considered, ordered and adjudged that the appeal of the appellant, Earl Garner, be and the same is hereby dismissed."

Appellant apparently treated the action of the circuit court as an order to remand, and started all over again. Of course, the circuit court tries appeals from the county court *de novo*.

Appellant, in his brief, cites what he considers to be an analogous situation:

"Let us assume that a litigant in the local municipal court appeals his case to the circuit court and inadvertently fails to file and include in the transcript an affidavit for appeal. Of course, such an action would be subject to dismissal, and if the action is dismissed, and the litigant files the proper affidavit and prosecutes another appeal within the 30 days allowed by law, can it be said that the case has been adjudicated?"

**The majority** apparently answer this question, "No." My answer is, "Yes." I will agree that if one improperly lodged an appeal (as cited in his example) that he could go back and properly perfect same at any time within the time allowed for appeal, *and before the appellate court acted upon such appeal.* In the example cited by appellant, my conclusion is that upon dismissal of the appeal, the judgment of the lower court would then be enforced. No second appeal would lie in that particular litigation. Let us use another example. Suppose a case is appealed to this Court. Appellant has 90 days within which to lodge his record. However, the case is submitted long before such period of time has expired. Inadvertently, appellant has failed to designate his principal exhibit as a part of the record, though such exhibit is the principal evidence upon which he expects to prevail, and which, though not designated, may actually appear in the transcript. The Court renders a decision for appellee before the expiration of the 90 days from the time the lower court's judgment was

entered. Certainly, appellant cannot go back, designate the exhibit, and bring the matter back to this Court. I will go even further. Jones loses a case in lower court. His counsel immediately advises successful counsel that he is appealing the case to this Court, and the latter, in his thinking, considers the case as being appealed, and accordingly overlooks the fact that he never receives a notice of appeal from the clerk. The facts are stipulated and the transcript prepared within a few days. The briefs are short and the case is submitted. Inadvertently, appellant had failed to file his notice of appeal with the clerk of the lower court, a fact not noticed by appellee until shortly before preparing his brief. Upon filing same, appellee's first request is that the appeal be dismissed because of failure to file notice of appeal. The court would, of course, dismiss the appeal. All of this occurs before the expiration of 30 days from the time the lower court's judgment was entered (not a likely occurrence, but possible). Can appellant then go back, file his notice of appeal and proceed to bring the matter back to this Court? The question has never been answered, and I accordingly leave it unanswered, though it is obvious as to what my personal opinion may be.

Appellant does not even argue that the first circuit court judgment dismissing the appeal was void. If not void . . . it was binding. Accordingly, in my opinion, when the court dismissed such appeal on August 29th, and appellant neither moved the circuit court to set aside its judgment, nor further appealed, the doctrine of *res judicata* applied, and this would be true whether the appeal was properly or improperly lodged.

I therefore respectfully dissent to the opinion of the majority.