NEEDHAM *v.* GARNER, COUNTY JUDGE.

5-2473                                      350 S. W. 2d 194

Opinion delivered October 16, 1961.

*Caldwell T. Bennett* and *Claude A. Caldwell,* for appellant.

*W. G. Wiley,* for appellee.

PAUL WARD, Associate Justice. This action was brought in chancery court by R. S. Needham (appellant), a resident and taxpayer of Izard County, against the County Judge of said county to enjoin him from

using county road machinery in constructing dams, reservoirs, and terraces for private individuals.

In his answer the County Judge (appellee) admits he "has been contracting with private persons" for the use of county equipment for excavating and dirt moving projects, but says that all remuneration coming from such work has been deposited in the treasury of the county, that such operations have produced a profit (over and above all operation costs, including depreciation of machinery) to the taxpayers of the county, and that the taxpayers have not been injured or damaged.

The County Judge, further answering, in substance stated: The U. S. Soil Conservation Service has instituted a program in the county of constructing ponds and terraces; that such work constitutes an important internal county improvement; that the work he did was to help further the program; that the work complained of was only incidental to the main purpose of building roads; and that the machinery was never so used when it was needed for the said main purpose.

*Decree.* The trial court, after hearing the testimony of witnesses and arguments of counsel, made, in substance, the following findings and conclusions: The court has jurisdiction of the parties and the subject matter; there is no evidence of bad faith on the part of the County Judge; he has engaged in said work for the best interest of the county; a constitutional question is involved; the County Judge has no right to engage in private business primarily, but the work in question had been handled incidentally in a way to benefit Izard County.

Thereupon the trial court dismissed appellant's petition.

Assuming that all the findings of fact of the trial court are correct, still we must disagree with the conclusion it reached. All the evidence shows that appellee, as an individual, entered into numerous *contracts* with pri-

vate citizens of his county to construct ponds and terraces. Appellee's testimony is to the same effect.

Q. "Judge, how many contracts have you had this year?

A. "Off-hand, I couldn't tell you.

Q. "Can you rough it for me?

A. "Well, no, I couldn't.

Q. "How many did you have last year?

A. "Well, that, I wouldn't know because, actually, I don't keep a record of those. Now, usually from time to time the A. S. C. office sends me a carbon copy, but those I don't keep around. I usually throw them in the waste basket because the money that I get I turn into the county treasurer, and I get a receipt for it and so forth; so, I don't have to worry about those."

It is our conclusion, based upon a study of numerous decisions of this court, that appellee, as county judge, has no power or authority to make the contracts in question, or to use county road machinery to construct ponds or terraces on private property for private use. But, before noting some of our former decisions and certain constitutional and statutory provisions bearing on the issue presented, we desire to eliminate three questions which are not before us.

One, there is no contention here by appellee that he was acting in the capacity of the County Court. The record shows that the parties stipulated "there have been no orders of the County Court made, entered or placed of record confirming or affirming any of the dirt moving project contracts". Two, because of the above stipulation, we need not and do not affirm or deny the powers of the *county court* to enter into contracts such as here questioned. Three, there is no contention that the County Court ratified the contracts made by the County Judge.

Appellee relies on Art. 7, § 28 of our Constitution, which gives the *county courts* exclusive jurisdiction in all matters related to (among other things) internal improvements and local concern of the respective counties. Again we need not here decide whether improving private property could be classified as "internal improvements and local concern" of the county as a whole, because the jurisdiction of such matters is given to the *county court* and not to the *county judge*. The same answer can be given to appellee's reliance on Ark. Stats. § 22-601, because there the "powers and jurisdictions" to control and manage real and personal property of the county (even for the use of the county) is granted by the legislature to the *county court* of each county and not to the county judge. There are numerous decisions of this court which interpret the above sections to mean just what they say. See: *Rebsamen, Brown & Company* v. *Van Buren County,* 177 Ark. 268, 6 S.W. 2d 288; *Leathem & Co.* v. *Jackson County,* 122 Ark. 114, 182 S. W. 570; *Lyons Machinery Co.* v. *Pike County,* 192 Ark. 531, 93 S. W. 2d 130; *Watson and Smith* v. *Union County,* 193 Ark. 559, 101 S. W. 2d 791; *Johnson* v. *Donham,* 191 Ark. 192, 84 S. W. 2d 374; *Allen* v. *Barnett,* 186 Ark. 494, 54 S. W. 2d 399; *Benton* v. *Thompson,* 187 Ark. 208, 58 S. W. 2d 924. Many similar cases could be cited. They are all uniform to the effect that the *county court* and not the *county judge* can exercise (only) such powers as are granted (or reasonably implied), and none of them holds that the *county judge* can exercise such powers.

Appellee contends appellant had no right to maintain this suit in chancery court for injunctive relief. This contention was not specifically made in the trial court, but even so we think it is not tenable in any event.

Our Constitution, Article 16 § 13 says:

"Any citizen of any county, city or town may institute suit in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever."

1010

The above quoted section of the constitution has been interpreted in more than forty decisions of this Court. A casual reading of just a few of these decisions clearly indicates a liberal interpretation of said section not only for the protection of citizens against specific "illegal exactions" but for protection against unlawful official acts which could logically result in illegal exactions. We think there can be no doubt that if a county judge is given the right, limited only by his own discretion, to use county road machinery for private purposes, it could result in the need for more tax money to repair and replace the road machinery.

In *Keenan* v. *Williams, Chancellor*, 225 Ark. 556, 283 S. W. 2d 688, a writ of prohibition was sought by taxpayers against the commissioners of a drainage district, charging them with certain acts of mismanagement such as failure to select a depository, failure to require the district treasurer to give bond; failure to keep account books, etc. In upholding the relief granted the taxpayer we said: "It cannot be doubted that these matters are within the jurisdiction of equity." The authority cited was Art. 16 § 13 of the Constitution. The effect of our decision in the case of *Garner* v. *Greene County*, 229 Ark. 174, 313 S. W. 2d 785, was that Art. 16 § 13 gave a citizen and taxpayer the right to intervene to contest an order of the county court establishing a county road. This Court in construing Art. 16 § 13 in the early case of *Farrell* v. *Oliver*, 146 Ark. 599, 226 S. W. 529, made this statement:

"There is eminent authority for holding, even in the absence of an express provision of the Constitution such as that referred to above, that a remedy is afforded in equity to tax payers to prevent misapplication of public funds on the theory that the tax payers are the equitable owners of public funds and that their liability to replenish the funds exhausted by the misapplication entitle them to relief against such misapplication."

This same quotation was approved in *McLellan* v. *Pledger, County Treasurer*, 209 Ark. 159, 189 S. W. 2d

789, and in *Ward* v. *Farrell,* 221 Ark. 363, 253 S. W. 2d 353.

In addition to what we have already said, there is another reason why appellant should be allowed to maintain this action in chancery court. There being no orders of the County Court in connection with the questioned contracts, he was afforded no opportunity to prosecute an appeal to the circuit court, so his only remedy was the one here sought.

Reversed.