CUNNINGHAM *v.* STOCKTON, COUNTY JUDGE.

5-2723                                    359 S. W. 2d 808

Opinion delivered September 10, 1962.

*Garner, Shaw & Kimbrough,* for appellant.

*James H. Pilkinton* and *Nabors Shaw,* for appellee.

SAM ROBINSON, Associate Justice. Appellants, Bill Cunningham and Harold Berg, filed this action in the Chancery Court to enjoin Roy Stockton, County Judge of Polk County, from "using, loaning, letting, hiring, or otherwise using" county road machinery in making improvements for private citizens. It appeared that the County Court had approved the action of the County Judge in the use of the equipment and the Chancellor ruled that the Chancery Court did not have jurisdiction to grant the relief sought; that such jurisdiction was in the Circuit Court.

The issue on appeal is whether the Chancery Court has jurisdiction to enjoin the County Judge from using the county equipment for unauthorized purposes.

During March and April, 1961, the County Judge used heavy earth moving equipment belonging to the county to do work for certain individuals. Only one of those individuals paid for such work.

On August 15, the County Judge entered into a purported contract with his secretary, Grace Bell Smith, whereby all the county road equipment of Polk County was leased to Miss Smith for the consideration of one dollar per year, and other consideration.

Later, the County Judge used the road equipment for doing work for other individuals. At the trial in Chancery Court, the County Judge testified that unless prohibited by a court order, he would continue to do such work for individuals.

On October 16, 1961, this Court decided the case of *Needham* v. *Garner, County Judge,* Law Reporter, Vol. 108, No. 10. There the Court said: "One, there is no contention here by appellee that he was acting in the capacity of the County Court. The record show that the parties stipulated 'there have been no orders of the County Court made, entered or placed of record confirming or affirming any of the dirt moving project contracts'. Two, because of the above stipulation, we need not and do not affirm or deny the powers of the *county court* to enter into contracts such as here questioned. Three, there is no contention that the County Court ratified the contracts made by the County Judge."

The next day, October 17, the County Court entered what was designated as a *nunc pro tunc* order approving and ratifying the work done by the County Judge for private individuals, and on the 7th or 8th of November, the County Court entered another such order.

Now as to the jurisdiction of the Chancery Court to enjoin and restrain the County Judge or County Court from using the county equipment for unauthorized purposes, Art. 16, Sec. 13 of the Constitution of Arkansas provides: "Any citizen of any county, city or town may institute suit in behalf of himself and all others interested,

to protect the inhabitants thereof against the enforcement of any illegal exactions whatever.''

In the *Needham* case, in referring to Art. 16, Sec. 13, we said: ''The above quoted section of the constitution has been interpreted in more than forty decisions of this Court. A casual reading of just a few of these decisions clearly indicates a liberal interpretation of said section not only for the protection of citizens against specific 'illegal exactions' but for protection against unlawful official acts which could logically result in illegal exactions. We think there can be no doubt that if a county judge is given the right, limited only by his own discretion, to use county road machinery for private purposes, it could result in the need for more tax money to repair and replace the road machinery.''

In *McLellan* v. *Pledger, County Treasurer,* 209 Ark. 159, 189 S. W. 2d 789, there was a contention that the Chancellor did not have jurisdiction; that there was a remedy at law. This Court said: ''Appellees insist that the Chancery Court was without jurisdiction, as the plaintiffs had a remedy at law—*i.e.,* appeal from the County Court order allowing a claim or salary warrant under either of the acts. Appellees cite *Bowman* v. *Frith,* 73 Ark. 523, 84 S. W. 709; and *Sadler* v. *Craven,* 93 Ark. 11, 123 S. W. 365, to sustain their contention. But in *Bowman* v. *Frith* it was pointed out that a taxpayer could not proceed in equity to prevent a county from entering into a contract claimed to be improvident, but could proceed in equity to restrain the county from entering into a void contract. *Fones Hardware Co.* v. *Erb,* 54 Ark. 645, 17 S. W. 7, 13 L.R.A. 353, was there cited as authority for such equitable proceeding in the case of a void contract. In the case at bar it was alleged that the legislative acts were *void;* so the Fones case applies, rather than the Bowman case. *Sadler* v. *Craven, supra,* involved an attack on an allegedly improvident contract, and not one claimed to be void. In short, the cases cited on this point by appellees are without application.''

Likewise, in the case at bar, it is alleged in the complaint that the use of the county equipment, as above

mentioned, is illegal, unlawful and unauthorized by law. Furthermore, the order of the County Court approving and ratifying the action of the County Judge in the use of the machinery was not made or entered until months after the work was done. In a situation of this kind, a citizen would have no remedy unless it was by injunction.

The Chancery Court has jurisdiction to grant the relief sought by plaintiffs and should do so.

Reversed.