Bill POGUE, Individually and as County Judge
for Sevier County, Arkansas *v.*
Calvin COOPER, Ray WILLIAMS and
Wilma WILLIAMS

84-110                                    679 S.W.2d 207

Supreme Court of Arkansas
Opinion delivered November 19, 1984
[Rehearing denied December 21, 1984.]

*James F. Lane* and *John B. Hainen,* for appellant.

*Smith, Stroud, McClerkin, Dunn and Nutter,* by:
*Winford L. Dunn, Jr.* and *R. Bruce Lorenzen,* for
appellees.

JOHN I. PURTLE, Justice. Appellant, the County Judge of Sevier County, appeals from a chancery court order enjoining him from leasing county property to private interests and from contracting to use county property and employees to perform services for and supply materials to private interests. Appellant contends that the chancellor erred in finding his activities in violation of the Arkansas Constitution and in failing to find that his activities were authorized by Act 183 of 1983. We agree with the chancellor's findings and affirm.

The undisputed evidence at the trial showed that appellant made it a practice both to lease county equipment to private persons and to contract with private persons to provide county equipment, supplies and personnel to perform services in the private sector. The evidence also showed, and the chancellor found, that appellant had charged and received adequate compensation for the use of county property and for the labor of county personnel. The injunction was based on the chancellor's conclusions that appellant's activities were in violation of Ark. Const. art. 16, § 13 and art. 12, § 5.

Arkansas Const. art. 16, § 13 reads as follows:

Any citizen of any county, city or town may institute suit in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever.

We considered this question in *Needham* v. *Garner, County Judge*, 233 Ark. 1006, 350 S.W.2d (1961). On essentially identical facts, we held that the actions of the county judge were "unlawful official acts which could logically result in illegal exactions." We reasoned that illegal exactions were likely to occur because such use of county property "could result in the need for more tax money to repair and replace the road machinery." This was true even though the county judge's activities were pro- ducing a profit. Arkansas Const. art. 16, § 13 protects the public interest against such potential illegal exactions to the same degree as against actual and ongoing illegal exactions.

We held that the county judge did not have the power to perform private jobs because the Constitution gave the county courts, and not the county judges, exclusive jurisdiction in all matters relating to internal improvements and local concerns of the counties. We specificaly declined to decide whether this grant of jurisdiction to the county courts gave them the power to do the sort of acts in issue in that case and this one.

We reached similar results in *Maroney* v. *Universal Leasing Corp.*, 263 Ark. 8, 562 S.W.2d 77 (1978) and *Cunningham* v. *Stockton, County Judge*, 235 Ark. 345, 359 S.W.2d 808 (1962).

Appellant concedes that *Needham*, supra, controls this case and requires affirmance if the law on the subject has not been changed. Appellant contends that the adoption of Ark. Const. amend. 55, § 3, after the decision in *Needham* and the other cases cited, changed the relevant law.

Amendment 55, § 3 gives the county judge, among other powers and duties, custody of county property. Before the adoption of Amendment 55, the county court had custody of county property. Ark. Const. art. 7, § 28; former Ark. Stat. Ann. § 22-601 (Repl. 1962); *Needham*. Appellant argues that "custody" of the county property includes the power to lease it and contract for its use on private projects.

Amendment 55 did not change the law on this subject. We recognize that the county court, prior to the adoption of Amendment 55, had the power to lease real county property to private interests. *Chamber of Commerce* v. *Pulaski County*, 113 Ark. 439, 168 S.W. 848 (1914); *State* v. *Baxter*, 50 Ark. 447, 8 S.W. 188 (1887). However, the letting of the county's personal property is a qualitatively different matter. Personal property is much more likely to be depleted or destroyed than real property, and thus an illegal exaction is much more likely to occur.

Appellant also argues that Act 183 of 1983 authorizes his actions. We cannot agree. Act 183 was enacted in implementation of Amendment 55. The Act, section one of

which is codified at Ark. Stat. Ann. § 17-3901 (Supp. 1983), states that the county judge has "the right to assign or not assign use of [county] property . . ." The chancellor held the Act does not purport to amend the Constitution or remove its prohibition against appellant's actions. This ruling was correct. Statutes are presumed to be constitutional. A clear incompatibility between a statute and the Constitution must be shown before the statute will be held unconstitutional. *Gay v. Rabon*, 280 Ark. 5, 652 S.W.2d 836 (1983). The chancellor was correct in finding that the Act does not purport to legitimize the actions in question here.

Affirmed.