The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, AR 71611
Dear Senator Bradford:
This is in response to your request for an opinion explaining and clarifying state law as it pertains to the following:
 1. The purchase of vehicles from official budget appropriations with no line item or any other official documentation of authorization of the purchase.
 2. The regulations or conditions regarding use of county-owned passenger vehicles by elected officials, county employees, and/or any other persons.
 3. The prescribed regulations regarding storage of county-owned passenger vehicles when not in use.
I assume that your first question is asked in relation to county purchases. It must be initially noted in this regard that a line item appropriation is not a necessary prerequisite to an official expenditure. Indeed, there may be instances in which line item appropriations and other conditions attached to expenditures will be deemed to impermissibly infringe upon an officer's authority to manage his office. (This will involve a factual question in each instance.) The Arkansas Supreme Court has expressed this general precept as follows:
 `[T]he legislature cannot do indirectly through the means of line item appropriations and conditions what it is impermissible for it to do directly. Line item appropriations become constitutionally impermissible when the authority of the Regents to supervise, coordinate, manage and control the university system is infringed by legislative control over expenditures.'
Chaffin v. Arkansas Game and Fish Comm'n, 296 Ark. 431, 437,757 S.W.2d 950 (1988) (quoting from Board of Regents of Higher Education v. Judge, 168 Mont. 433, 543 P.2d 1323 (1975) (on whether line item restrictions in a university system appropriation bill infringe on the authority of the university board)).
With regard to the requirement of other official documentation or authorization of the purchases, reference must be made to the county purchasing law, which is codified at A.C.A. 14-22-101 et seq. It is unlawful for any county official to make purchases with county funds in excess of $5,000 unless the method of purchasing prescribed in these Code provisions, including formal bidding and approval by the county court (A.C.A. 14-22-112), is followed. A.C.A. 14-22-102(a). These provisions do not apply, however, to any purchases under $5,000, or to purchases of certain exempt commodities. A.C.A. 14-22-102(b). The exempt commodities are set forth under A.C.A. 14-22-106 (Supp. 1989), and include "used or secondhand motor vehicles" and "motor vehicles . . . offered for sale at public auction or through a process requiring sealed bids." A.C.A. 14-22-106(10)(A) and (14) (Supp. 1989).[1]
The applicability of the county purchasing law must therefore be considered with reference to specific purchases. Any person or official who intentionally violates these provisions is subject to a fine of not less than $100 nor more than $1,000. He may also be removed from office or from his position of employment with the county. A.C.A. 14-22-103. The county court must issue its order of approval before a purchase that is governed by the purchasing law may be made, and before a claim can be paid or warrant issued. A.C.A. 14-22-112.
With regard to other purchases, the county judge authorizes and approves disbursement of appropriated county funds. Ark. Const. Amend. 55; see also A.C.A. 14-14-1101. All vouchers for the payment of county funds out of the county treasury must be approved and filed by the county judge or his designated representative. A.C.A. 14-14-1102(b)(2)(A). Before approving any voucher for payment, the judge or his representative must determine that there is a sufficient appropriation available and funds on hand, that the expenditure is in compliance with the purposes for which the funds are appropriated and in compliance with state purchasing laws and county ordinances, and that payment is due and owing for goods or services rendered. A.C.A.14-14-1102(b)(2)(B). See also Attorney General Opinion Number 85-73 (copy enclosed).
In response to your second question, the county judge, as the chief executive officer of the county, is responsible for the custody and care of county property. See A.C.A. 14-14-1102(b)(3). The county judge has the right to assign or not to assign use of such property. Id. The judge may promulgate reasonable rules and regulations in this regard. See A.C.A. 14-14-1104. The use of county property for private interests is, however, as a general matter, contrary to law and may result in an "illegal exaction." See e.g., Pogue v. Cooper, 284 Ark. 105, 679 S.W.2d 207 (1984).
Reference must be made to pertinent county regulations in addressing your final question concerning the storage of county-owned passenger vehicles. As previously noted, the county judge is authorized to issue "reasonable and necessary administrative rules and regulations, after notice and hearing thereon, for the administration and conduct of the various laws and programs to be administered by the judge in his capacity as the chief executive officer of the county." A.C.A.14-14-1104(a)(1). It is my opinion that such rules and regulations could reasonably encompass the matter of storage of county vehicles, in accordance with the county judge's authority to assign or not assign used [use] of such property. See A.C.A.14-14-1102(b)(3). We would suggest therefore, that the county judge and/or the county attorney be consulted in this regard.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] Section 14-22-106(10)(B) (Supp. 1989) states, however, that "[u]sed or secondhand motor vehicles which have been under lease to a county when such vehicles had fewer than eighteen thousand (18,000) miles of use may not be purchased by the county when it has been used eighteen thousand (18,000) miles or more except upon competitive bids as provided for in this chapter."
Attachment: Opinion No. 85-73