The Honorable Larry K. Cook Prosecuting Attorney Seventeenth West Judicial District P.O. Box 423 Lonoke, Arkansas 72086
Dear Mr. Cook:
This is in response to your request for an opinion concerning the legality of a county selling asphalt to a church for use in the church parking lot. You state that the asphalt was purchased by the county for use on county roads and was sold to the church at the price which the county paid when purchased.
You have also inquired as to the legality of county owned equipment and county labor being used to lay asphalt on the church parking lot. You have asked in this regard whether church property would be viewed differently than private property owned by a private citizen.
In response to your first question regarding the sale of asphalt, reference must be made to A.C.A. 14-16-105 which authorizes each county to "sell and cause to be conveyed any real estate or personal property belonging to the county. . . ." A.C.A.14-16-105(a) (Cum. Supp. 1993). This Code section provides general authority for such a sale. It should be noted, however, that the procedures set forth in A.C.A. 14-16-105 must be followed. This includes the entry of a county court order describing the commodity to be sold, giving the reason for sale, and directing the county assessor to have the commodity appraised at its fair market value. A.C.A. 14-16-105(b). The property is not to be sold for less than three-fourths of the appraised value. A.C.A. 14-16-105(d) and (e). See also generally Dudley v. Little River County, 305 Ark. 102, 805 S.W.2d 645 (1991). Section14-16-105 should be reviewed to determine the exact procedures to follow. Certain procedures differ, depending upon whether the appraised value of the property is less than $500.00. If the required procedure is not followed, the sale or conveyance "shall be null and void." A.C.A. 14-16-105(f)(1).
It should also be noted that the proceeds of the sale must be paid into the county road fund if the property was purchased with funds from the county road fund. A.C.A. 14-16-113 (Cum. Supp. 1993).
With regard to the use of county employees and county equipment, it is generally held that county labor and equipment cannot be used to make improvements to private property. See Pogue v. Cooper, 284 Ark. 105, 679 S.W.2d 207 (1984); Cunningham v. Stockton, 235 Ark. 345, 359 S.W.2d 808 (1962); Needham v. Garner,233 Ark. 1006, 350 S.W.2d 194 (1961). This prohibition applies, in my opinion, to non-profit as well as other private entities. This prohibition has been applied notwithstanding the fact that the county received compensation for the work performed. In holding that contracting with private concerns for work on private property was not allowed, the court reasoned in Needham, supra, as cited in Pogue, 284 Ark. at 106, that illegal exactions (Ark. Const. art. 16, 13) were likely to occur because such use of county property could result in the need for more tax money to repair and replace the equipment, even if the contract produced a profit. 233 Ark. at 1010.
It thus appears that as a general matter, the use of county employees and county equipment to lay asphalt on a church parking lot would be unlawful A factual review would, however, be necessary in order to conclusively resolve the matter in any particular instance.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh