The Honorable Jim Hill State Representative 100 Center Street Nashville, AR 71852-3821
Dear Representative Hill:
This is in response to your request for an opinion on two unrelated questions. The first involves the resurfacing of a private driveway. The question posed is whether the county can resurface a private drive with an "oil and peas" surfacing. Your second question involves A.C.A. §14-14-1209, which authorizes a "uniform allowance" for employees of the sheriff's department. You have asked whether deputies can purchase their hand guns, ammunition, and leather gear (holsters, belts, etc.) with this uniform allowance. You note that the state auditors have indicated that § 14-14-1209 only allows for the purchase of uniforms, and does not include weapons and related items.
With regard to your first question, it is generally held that county labor and equipment cannot be used to make improvements to private property. See Pogue v. Cooper, 284 Ark. 105, 679 S.W.2d 207 (1984);Cunningham v. Stockton, 235 Ark. 345, 359 S.W.2d 808 (1962); Needham v.Garner, 233 Ark. 1006, 350 S.W.2d 194 (1961). This prohibition has been applied notwithstanding the fact that the county received compensation for the work performed. In holding that contracting with private concerns for work on private property was not allowed, the court reasoned in Needham,supra, as cited in Pogue, 284 Ark. at 106, that illegal exactions (Ark. Const. art. 16, § 13) were likely to occur because such use of county property could result in the need for more tax money to repair and replace the equipment, even if the contract produced a profit. 233 Ark. at 1010.
It thus appears that as a general matter, the use of county employees and equipment to surface a private drive would be unlawful.[1]
In response to your second question concerning the "uniform allowance" for the sheriff's department, I am unable to state with certainty that the auditors are incorrect in concluding that this does not include hand guns and ammunition. The relevant Code provision states as follows:
 (a) Upon request by the county sheriff, the county quorum court may approve and appropriate a uniform allowance for the sheriff and employees of the sheriff's department in lieu of reimbursement for actual uniform expenses.
 (b) Claims for this uniform allowance shall be processed and paid in accordance with the laws of the State of Arkansas. However, an itemized listing or numbered invoice is not required for payment of this uniform allowance.
A.C.A. § 14-14-1209 (1987).
Thus, the "uniform allowance" is paid as a lump sum, with no required documentation other than the presentment of a claim. If approved by the county, the allowance is to be paid regardless of actual expenses incurred.
The question to be decided is whether the legislature intended for sheriff's department employees to furnish their own weapons and related equipment with this "uniform allowance." The question is unclear because the term "uniform" is not defined. Webster's Seventh New CollegiateDictionary 969 (1972) defines "uniform" as "dress of a distinctive design or fashion worn by members of a particular group and serving as a means of identification." It is thus difficult to conclude, based upon the general meaning of the term, that "uniform" extends beyond the "distinctive dress" worn by sheriff's deputies. See The Merriam-WebsterDictionary 751 (Pocket Ed. 1974). Nor has my research yielded any other helpful authority in this regard. And it is well-established that words in a statute must be given their ordinary and usually accepted meaning in the absence of any indication of a different legislative intent. SeeThompson v. Younts, 282 Ark. 524, 669 S.W.2d 471 (1984).
In my opinion, therefore, in the absence of legislative clarification, it may successfully be contended that weapons and ammunition are not reasonably encompassed within the term "uniform allowance" in A.C.A. §14-14-1209. Hand guns, other weapons, and ammunition certainly contribute to giving a distinctive appearance to a sheriff's deputy. They do not, however, reasonably constitute part of the "dress" worn by the officer.See definitions, supra. On the other hand, it is my opinion that leather gear, such as holsters and belts, are part of the dress or attire that comprise the "uniform" of a deputy. This follows more closely from the general definition of "uniform." These items may, in my opinion, be purchased with the allowance authorized in A.C.A. § 14-14-1209.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Specific authorization for improvements necessary to make private property accessible to the public roads is found in A.C.A. § 14-14-810
(1987). This Code provision only applies, however, in certain instances. Its applicability will depend upon the particular facts and circumstances in each case. Its purpose is to ensure "reasonable access to the public roads system. . . ." A.C.A. § 14-14-810(a)(1).