The Honorable Pat Pappas State Representative 2901 Willow Pine Bluff, Arkansas 71603
Dear Representative Pappas:
This is in response to your request for an opinion concerning the use of county equipment and employees. It is my understanding that county equipment and employees were used to perform work on the site where the Economic Development Alliance of Jefferson County is building an office. The county removed dirt and concrete from the site, and these materials were used as fill and riprap around county bridges. It is also my understanding that the county judge has stated that the county benefited from this arrangement because it would have been more expensive to purchase these materials in Little Rock and transport them to Jefferson County. Finally, it is my understanding that the Economic Development Alliance is a private organization, but the "Port Authority," an entity that receives public funding, is a member of the alliance.
In light of the foregoing facts, you question whether it is permissible for county equipment and labor to be used to perform such work on "private property." In my opinion, a definitive answer to your question will ultimately depend upon all the surrounding facts and circumstances.
Although an entity that receives public funding is apparently a member of the Economic Development Alliance, it is my understanding that the site where the work in question was performed was private property. It is generally held that county labor and equipment cannot be used to make improvements to private property. See Pogue v. Cooper, 284 Ark. 105, 679 S.W.2d 207
(1984); Cunningham v. Stockton, 235 Ark. 345, 359 S.W.2d 808
(1962); Needham v. Garner, 233 Ark. 1006, 350 S.W.2d 194 (1961);see also Op. Att'y Gen. Nos. 95-215 and 94-138 (copies enclosed). In Opinions 94-138 and 95-215, I opined that this prohibition has been applied notwithstanding the fact that the county received compensation for the work performed. In holding that contracting with private concerns for work on private property was not allowed, the court reasoned in Needham, supra, as cited in Pogue,284 Ark. at 106, that illegal exactions (Ark. Const. art. 16, §13) were likely to occur because such use of county property could result in the need for more tax money to repair and replace the equipment, even if the contract produced a profit.233 Ark. at 1010. It should, however, be stated that the quorum court's local legislative authority includes the power to provide for any service or performance of any function relating to county affairs. A.C.A. § 14-14-801(b)(10); see also A.C.A. § 14-14-810 (under certain circumstances counties with a population of not less than 7,000 and not more than 7,500 may enact ordinances authorizing the county judge to improve roadways serving private property that are deemed essential to provide access to public roads); Dudley v.Little River County, 305 Ark. 102, 805 S.W.2d 645 (1991) (culverts dug on private property to protect county roads from water damage).
In the instant case, it is unclear whether county employees and equipment were in fact used to make improvements to the private property. Your letter simply states that the county "removed some dirt and old concrete." Thus, a factual review would be necessary in order to conclusively resolve the matter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
Enclosures