The Honorable Gary Hunter State Senator Route 8, Box 108 Mountain Home, Arkansas 72653
Dear Senator Hunter:
This is in response to your request for an opinion on the following question:
 Is it legal for the county to use construction equipment owned by the county for work done on a state university campus?
I cannot opine upon the legality of such an action without reference to all the facts surrounding the funding and use of the county equipment in question. I will, however, set out some relevant law addressing the question below.
It is generally held that county labor and equipment cannot be used to make improvements to private property. See Pogue v. Cooper,284 Ark. 105, 679 S.W.2d 207 (1984); Cunningham v. Stockton, 235 Ark. 345,359 S.W.2d 808 (1962); Needham v. Garner, 233 Ark. 1006, 350 S.W.2d 194
(1961). This prohibition has been applied notwithstanding the fact that the county receives compensation for the work performed. In holding that contracting with private concerns for work on private property was not allowed, the court reasoned in Needham, supra, as cited in Pogue,284 Ark. at 106, that illegal exactions (Ark. Const. art. 16, § 13) were likely to occur because such use of county property could result in the need for more tax money to repair and replace the equipment, even if the contract produced a profit. 233 Ark. at 1010.
The situation you present, however, involves a county's use of equipment not for the benefit of a private party, but for the benefit of a state university. This may or may not be an authorized activity depending upon the circumstances. For example, it is possible in this regard for the county and the university to have an interlocal agreement regarding the construction of some joint project. See generally, A.C.A. §§ 25-20-101 to -108 (Repl. 1996); and A.C.A. § 14-14-910 (1987). Additionally, while I am unable to determine from the facts presented, it is possible that the county is using county road equipment to improve or repair roads surrounding the campus which are a part of the county road system. Such a use of county property may not be legally objectionable. Cf. Shofner v.Dowell, 168 Ark. 229, 269 S.W 588 (1925) (appropriation by county from county road fund to aid improvement district in construction of streets surrounding university campus not unlawful as expenditure of county funds for state purpose, where roads were part of the county's highway system).
I simply cannot determine, without reference to specific facts, whether the use of county equipment to which you refer is lawful. Questions may arise as to whether the use of the equipment or funds meets a proper county purpose, or whether it is an appropriate county affair. Sufficient facts would be required before an analysis of the relevant law on the topic could be undertaken.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh