The Honorable Thomas D. Wynne, III Prosecuting Attorney Thirteenth Judicial District Post Office Box 748 Fordyce, Arkansas 71742
Dear Mr. Wynne:
This is in response to Deputy Prosecuting Attorney Robert S. Laney's request for an opinion concerning the use of county funds and equipment. According to Mr. Laney's letter, the Quorum Court of Ouachita County and the County Judge have been asked to provide gravel, county equipment, and county employees in order to gravel a parking lot owned by the Camden Area Industrial Development Corporation (CAIDC). It is my understanding that the CAIDC is a nonprofit corporation established pursuant toAct 404 of 1955.[1] It is also my understanding that the property owned by the CAIDC is to be leased to a private individual for the operation of a manufacturing facility, and the individual has an option to purchase the building. In light of the foregoing, the following question has been presented:
 Can county government provide county gravel and use of county equipment and employees to the CAIDC, for free?
In my opinion, the answer to this question is in all likelihood "no."
It is generally held that county labor and equipment cannot be used to make improvements to private property. See Pogue v. Cooper,284 Ark. 105, 679 S.W.2d 207 (1984); Cunningham v. Stockton, 235 Ark. 345,359 S.W.2d 808 (1962); Needham v. Garner, 233 Ark. 1006, 350 S.W.2d 194
(1961); see also Ops. Att'y Gen. 97-248, 95-215, and 94-138 (copies enclosed). I have opined that this prohibition has been applied notwithstanding the fact that the county received compensation for the work performed. See Ops. Att'y Gen. 97-248, 95-215, and 94-138. In holding that contracting with private concerns for work on private property was not allowed, the court reasoned in Needham, supra, as cited in Pogue, 284 Ark. at 106, that illegal exactions (Ark. Const. art. 16, § 13) were likely to occur because such use of county property could result in the need for more tax money to repair and replace the equipment, even if the contract produced a profit. 233 Ark. at 1010. In Opinion 94-138, I opined that as a general matter, the use of county employees and county equipment to lay asphalt on a church parking lot would be unlawful.
In my opinion, the foregoing prohibition applies to property owned by a corporation formed pursuant to Act 404 of 1955. With regard to a corporation organized under Act 404 of 1955, the Arkansas Supreme Court has recognized that such a corporation "is a non-profit private corporation organized by individuals, who are, of course, public spirited citizens who want to see industrial development in their respective communities: but the corporation is a private corporation." Halbert v.Helena-West Helena Ind. Dev. Corp., 226 Ark. 620, 291 S.W.2d 802 (1956). In Halbert, it was concluded that a provision of Act 404 that permitted any local government to purchase membership in the local industrial development corporation was unconstitutional. In reaching its decision, the court cited Article 12, § 5, of the Constitution of Arkansas which provides: "No county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual." The court stated:
 It would be doing indirectly what the Constitution forbids to be done directly, if a county or municipality were allowed to purchase a membership in the corporation, because such purchase of "membership" would certainly be granting financial aid to the said local corporation. When the Arkansas Legislature allowed the creation of local development corporations as private non-profit corporations, it could not at the same time allow counties or municipalities to grant financial aid to such corporations.
I have previously concluded that a local government's appropriation of funds, i.e., donation of funds, to a private, nonprofit corporation is prohibited under Ark. Const. art. 12, § 5. See Op. Att'y Gen. 96-287, 93-274, 88-114, and 87-201; see also City of Jacksonville v. Venhaus,302 Ark. 204, 788 S.W.2d 478 (1990). Further, in Opinion 87-201 (copy enclosed), this office relied upon Halbert to conclude that a county's attempt to earmark appropriated funds for an industrial development corporation organized pursuant to Act 404 of 1955 would run afoul of Ark. Const. art. 12, § 5. See also Op. Att'y Gen. 88-114 (copy enclosed) (appropriation of county funds for Johnson County Development Corporation); Op. Att'y Gen. 93-274 (grant of county funds to the Nevada County Industrial Development Corporation would be subject to challenge under article 12, § 5).
It thus appears that as a general matter, the use of county employees and equipment to gravel a parking lot owned by the Camden Area Industrial Development Corporation would be unlawful. A factual review would, however, be necessary in order to conclusively resolve the matter in any particular instance.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] Act 404 of 1955, as amended, which is codified as A.C.A. § 15-4-501et seq., authorizes the incorporation of organizations for the purpose of encouraging and promoting agricultural and industrial development in cities, towns, and counties. See A.C.A. § 15-4-501.