The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, Arkansas 71611
Dear Senator Bradford:
This is in response to your request for an opinion on the following questions:
 Does the county judge in any county of Arkansas have the authority to accept private roads into the county road system without approval of the County Quorum Court? Secondly, does the county judge have the authority to expend county funds for road improvements (hot asphalt overlay) on roads in a private development on the basis of the developer paying for 50% of the cost and the county taxpayers paying for the other 50% without the approval of the Quorum Court?
It is my opinion that the answer to your first question is "yes," in some circumstances. The Arkansas Code provides at A.C.A.27-66-204, -205, and -206 respectively, that the county judge, in his discretion, may under certain circumstances, designate as a county road any road that is the direct route to the county courthouse, any road used as a mail route by the U.S. government, and those roads used as school bus routes. Additionally, A.C.A.27-66-207 gives the county judge the authority to designate any street or road dedicated to the public as a public thoroughfare as a county road, provided that a bill of assurance making the dedication is properly recorded. Similarly, A.C.A. 27-66-208
gives the county judge the authority to designate as a county road any strip of ground deeded by the owners to the county for a public thoroughfare. Each of these statutes vests the authority solely in the county judge. To the extent, therefore, that one of these statutes is applicable to the general question you have posed, it is my opinion that the county judge has the authority to designate county roads in such instances without approval of the quorum court.
It is my opinion that the answer to your second question depends upon whether the roads in the private development are public or private roads. I am unable to determine this issue from the facts presented. If the roads are private roads, the county judge may not, even with approval of the county quorum court, expend county funds for improvements to the roads. See Op. Att'y. Gen. Nos.89-194 and 86-529, copies of which are enclosed, and Pogue v. Cooper, 284 Ark. 105, 679 S.W.2d 207 (1984). Cf. A.C.A. 14-14-810
(allowing counties with a population of not less than seven thousand and not more than seven thousand five hundred to enact ordinances authorizing the county judge to improve roadways serving private property in rural areas where bad weather or other events may impair access to public roads).
If the roads are public roads, it is my opinion that the county judge does have the authority to expend county funds to improve the roads, in his or her discretion. See generally, Arkansas Constitution, Amendment 55, 3 and A.C.A. 14-14-1102 (b)(1)(A)(i). See also Op. Att'y. Gen. No. 85-073. Additionally, subsection (b)(7) of the statute just cited authorizes the county judge to accept gifts, grants, and donations of real or personal property for use of the county. "He may apply for, enter into necessary contracts, receive, and administer for and in behalf of the county, subject to such appropriation controls that the quorum court may elect to adopt by ordinance, funds from the federal government, from other public agencies, or from private sources." Id. (Emphasis added.) The county judge is thus authorized to accept a donation of funds (in this case 50% of the cost) from a private source (i.e. the developer) without the approval of the quorum court. Expenditure of such funds, however, is subject to any appropriation controls adopted by the quorum court.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh