The Honorable Mike Everett State Senator 412 Broadway Marked Tree, AR 72365
Dear Senator Everett:
This is in response to your request for an opinion regarding an Agreement for Economic Development Services ("Agreement") entered on December 9, 1994, between the City of West Memphis and the West Memphis Area Chamber of Commerce. You have asked the following question with respect to the Agreement:
 Does the attached contract violate Article XII, Section 5 of the Constitution of Arkansas when it:
 1. Merges the Economic Development Department of the City of West Memphis with the Chamber of Commerce;
 2. Agrees to make available to the Chamber of Commerce for its use City property, i.e., computer and printer;
 3. Does not require a specific amount to be paid to the Chamber for its services but reserves to the City the right to determine from time to time the amount it will pay to the Chamber for its services;
 4. Provides that, with the approval of the Mayor and City Council, the Chamber of Commerce may carry over into the next contract year any funds unspent and undesignated at the end of any fiscal year.
Please note, as an initial matter, that I have enclosed a copy of Attorney General Opinion 89-061, which addressed the question whether an agreement essentially identical to this Agreement[1] was authorized in light of Article 12, Section 5 of the Arkansas Constitution.[2] I am in agreement with the conclusion reached therein that a city may, as a general matter, contract for the provision of economic development services by a private organization. I agree that such a contract will generally withstand scrutiny, as long as valid consideration under the contract can be demonstrated. See Op. Att'y Gen. 89-061 at 2. As noted in the 1989 Opinion, however, paragraph 7 of the Agreement cannot be constitutionally construed as permitting direct funding of any such "prospects." Id. Direct grants or donations in this regard would be contrary to Ark. Const. art. 12, § 5, supra at n. 2.
With regard to the specific aspects of the Agreement that you have noted, it is my opinion that none on its face renders the Agreement violative of art. 12, § 5. Regarding merger of the City's Economic Development Department with the Chamber, the Agreement submitted with your request does not contain this provision. See n. 1, supra. In any event, however, such a merger would not in itself be problematic.
With respect to the Chamber's use of City property, this would only pose a problem if it was established that such use constituted a private use.See generally Ark. Const. art. 16, § 13 and Pogue v. Cooper, 284 Ark. 105,679 S.W.2d 207 (1984). As noted in Opinion 89-061, industrial and economic development have been deemed proper public purposes. Assuming, therefore, that the property, i.e., computer and printer, are used by the Chamber in meeting its obligations under the Agreement, such use would be permissible.
I assume that your third area of concern involves paragraph 8 of the Agreement, which reserves to the City the right to amend the amount payable to the Chamber. I can conceive of no potential conflict with art. 12, § 5 as a result of this provision. Similarly, the last aspect of the Agreement you have noted, i.e., the carry-over provision contained in Paragraph 10, is not on its face violative of art. 12, § 5. The implementation of this provision could, of course, be challengable if the carry-over was approved and no corresponding services were provided. This might evidence an attempt to accomplish indirectly that which is prohibited under art. 12, § 5, i.e., the appropriation of money for a private corporation, association, or institution, because the contract in that instance would arguably lack consideration. See generally Ops. Att'y Gen. 91-358 at n. 1 and 89-061. The adequacy of the consideration is, however, a question of fact to be determined by a factfinder with access to all of the surrounding circumstances.
In conclusion, therefore, taking into account the potential issues noted above with respect to actual implementation, it is my opinion that the particular areas you have noted do not on their fact implicate Ark. Const. art. 12, § 5, and that the Agreement is generally enforceable.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] It appears that the agreements only differ in relation to the amount of payment (see paragraph 5), and the absence of a reference in the 1994 Agreement to merger of the City's Office of Economic Development into the Chamber (see p. 1 of Agreement attached to Op. 89-061).
[2] Article 12, § 5 states:
 No county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for, or loan its credit to any corporation, association, institution, or individual.