Harvey Cecil POE *v.* STATE of Arkansas

CR 85-166                                    698 S.W.2d 297

Supreme Court of Arkansas
Opinion delivered November 4, 1985

*A. James Linder*, for petitioner.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for respondent.

PER CURIAM. Petitioner, Harvey Cecil Poe, was convicted as a habitual criminal of aggravated robbery and was sentenced by the Ashley Circuit Court to life imprisonment. His conviction was affirmed on June 27, 1984, by the Court of Appeals in an unpublished opinion in Case No. CACR84-30. Poe, represented by counsel, now seeks permission to file a Rule 37 petition in the trial court for a new trial because of ineffective assistance of counsel. We grant the petition only with respect to the allegation that the appointed trial counsel, Bing Colvin, failed to interview and subpoena two alibi witnesses for the defense, Mr. and Mrs. Andrew Yon III.

The trial record discloses that the State's only substantial evidence connecting Poe with the robbery was the testimony of an accomplice, David Reeme, and his wife. The robbery occurred at about 10:50 p.m. Reeme testified that he committed the robbery while Poe stood behind the store and acted as a lookout. Both Reemes testified that Poe had come to their house at about 8:00 p.m. and had eventually spent the night. The Court of Appeals affirmed on the ground that Mrs. Reeme was not an accomplice as a matter of law and had sufficiently corroborated her husband's testimony.

Attached as exhibits to the Rule 37 petition are affidavits of the Yons, taken by counsel in question-and-answer form. They both stated, with supporting reasons and documentary corroboration, that Poe spent the night in question in their home in Crossett and that they were living there when the case was tried (May 26, 1983). Their affidavits contradict the Reemes' testimony in so many particulars that it is impossible for both accounts to be true. A jury would be compelled to accept one and reject the other.

Poe's affidavit in support of his petition states that before the trial he discussed the matter with the Yons, who verified his recollection that he was at their house that night. Poe states that he explained the circumstances to Mr. Colvin, who said he would interview the Yons and have them subpoenaed. Before the trial Mr. Colvin allegedly said he had not been able to locate the Yons, but he would have a subpoena issued to see if the sheriff could find them. Poe says that when he learned that the Yons were not to be at the trial he asked Mr. Colvin to seek a continuance, but Mr. Colvin neither obtained a subpoena nor asked for a continuance.

We do not imply that Mr. Colvin was actually at fault, as he has apparently not had an opportunity to respond to Poe's assertions. The three affidavits attached to the petition are uncontradicted, however, and present a sufficient prima facie showing of ineffectiveness of counsel to justify a hearing on that issue.

Poe's petition also alleges that his sentence is excessive, that Mr. Colvin failed to object to the voir dire of the jury in chambers and to the court's instructing the jury about Poe's previous convictions, and that Mr. Colvin was remiss in other minor particulars. These points do not appear to have merit and are

presented without argument or citation of authority by counsel; so we need not consider them. *Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977).

The cause is remanded for a hearing as indicated; in other respects the petition is denied.

PURTLE, J., not participating.