The Honorable Bruce Maloch State Representative 650 Columbia Road 258 Magnolia, AR 72753
Dear Representative Maloch:
I am writing in response to your request for an opinion on the following:
 At times, County Judges are asked to perform certain work on public school property such as putting in a culvert, placing gravel on a parking lot and other similar activities. I request an opinion regarding whether it is legal for a County Judge to use county equipment or county property to perform these type [sic] of activities on school property without compensation for the value of the services or products used.
 Also, can those services be performed by the county if compensation is paid for the fair value of the services rendered?
RESPONSE
In my opinion, with respect to your first question, the donation of county goods and services to a local school district may be legal but will depend factually upon whether such action serves a public purpose and, to the extent that the county "road tax" revenues are implicated, whether the activity complies with Amendment 61 to the Arkansas Constitution. Your second question appears to be moot in light of my response to your first question.
Question One: Whether it is legal for a County Judge to usecounty equipment or county property to perform certainimprovements on school property without compensation for thevalue of the services or products used.
County funds must be expended for a public purpose. See, e.g.,
Op. Att'y Gen. 2005-062 and 2000-243. This requirement emanates from several sources. See Arkansas Constitution, art. 16, § 13
(the illegal exaction provision); art. 12, § 5 (see fn. 3, below); and Op. Att'y Gen. 2004-311 (discussing the so-called "public purpose" doctrine). The use of county equipment for an unauthorized purpose gives rise to an illegal exaction claim.Pogue v. Cooper, 284 Ark. 105, 107, 679 S.W.2d 207 (1984). As noted by the Arkansas Supreme Court, the use of county equipment for an unauthorized purpose can create a valid illegal exaction claim because such actions could logically result in illegal exactions by requiring a greater need for tax moneys to repair and replace equipment used. Id. In Pogue, the court recognized that Amendment 55 to the Arkansas Constitution gave "custody" of county property to the county judge but rejected the claim that the county judge could therefore lease the county property or contract for the property's use on private projects.Id.
Any use of county equipment must, therefore, be both for a public purpose and authorized by law. The question posed in your request for an opinion raises the issue of performing maintenance and improvements on school property, including "putting in a culvert, placing gravel on a parking lot, and similar activities."[1] A public school district is clearly a public entity. See, e.g., Op. Att'y Gen. 92-067. In addition, it has been stated that education, in general, is a legitimate public purpose. Cortez v. Independence County, 287 Ark. 279,698 S.W.2d 297 (1985) (citing Turner v. Woodruff, 286 Ark. 66,689 S.W.2d 527 (1985)). Improvements to public property such as you describe can therefore fairly be characterized as being "for a public purpose" in my opinion.[2] Any definitive determination of public purpose, however, will require a factually intensive inquiry which this office is neither authorized nor empowered to make. See Op. Att'y Gen. 2004-269
(citing Op. Att'y Gen. 91-410).
As noted above, Amendment 55 to the Arkansas Constitution provides that the county judge has "custody of county property." Ark. Const. amend. 55 § 3; see also A.C.A. § 14-14-1101 (Repl. 1998). The county judge also has the power to "operate the system of county roads" within the county. Id. My research has not uncovered specific statutory authorization to make a donation of equipment and services as described in your request. Discussing monetary donations under Art. 12, § 5[3] of the Arkansas Constitution, this office has consistently opined that a governmental donation to a "purely public entity that serves a public purpose" would likely pass constitutional scrutiny. Op. Att'y Gen. 2004-269.
Another constitutional provision requiring discussion is Amendment 61 to the Arkansas Constitution. While you do not specify the source of the funding for the county employees and equipment to be used in the proposed work, the nature of the work implies that county "road tax" revenue may be at issue. Amendment 61 specifies that revenue collected from the county road tax may be used for "the sole purpose of constructing and repairing public roads and bridges within the county wherein levied." Whether the use of county equipment to install a culvert or place gravel on the school's parking lot would be considered work on a public road or bridge under Amendment 61 is a question of fact.See, e.g., Dudley v. Little River County, 305 Ark. 102,805 S.W.2d 645 (1991) (upholding the trial court's factual determination that the Little River County Judge did not impermissibly give away gravel to private interests because the gravel was used "either [on] county roads, bus routes, mail routes, [was] excess gravel already unloaded at the site and leftover from a county job, or [involved] culverts dug on private property to protect county roads from water damage.").
Question Two: Whether those services can be performed by thecounty if compensation is paid for the fair value of the servicesrendered?
As noted in response to your first question, the donation of the services and equipment may, depending upon the facts, be authorized under Arkansas law. While I am unable to make such a factual determination, if authorized it would seem to preclude the necessity to contract for the services referenced. If unauthorized, any such contract would necessarily be prohibited.See Pogue v. Cooper, supra.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh
[1] A city or town is specifically authorized under state law to provide an appropriation or donation of "financial aid" to a school district to "assist the school district in retiring school bonds or paying the operating expenses of the district." A.C.A. § 14-58-501 (Repl. 1998). There is no corresponding authorization for a county to provide financial aid to a school district.
[2] Because a "public purpose" has been defined as a purpose that involves the welfare of the community and its inhabitants that directly benefits the public, see Op. Att'y Gen. 2004-269
(quoting Op. Att'y Gen. 91-410), "public purpose" in this situation should be read as a "public purpose" that directly benefits the inhabitants of the county.
[3] Article 12, § 5 reads:
 No county, city, town or other municipal corporation, shall become a stockholder in any company, association, or corporation; or obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual.
This section precludes donations to private, non-profit organizations, see Op. Att'y Gen. 2005-215, as well as precluding the activities in Pogue, supra.