The Honorable Mike Patterson State Representative Post Office Box 283 Piggott, Arkansas 72454-0283 Dear Representative Patterson:
You have requested my opinion on the following issue pertaining to the City of Corning:
 The city has, in the past, allowed a community college to use a city owned facility free of charge to provide continuing education type classes and GED classes. The council has viewed this as a community service, but I am concerned that it runs afoul of the `donations' issue that appears to be such a hot topic right now. The council has asked me to solicit an Attorney General's opinion on this issue. As simply as I can frame it: Can a city accept in-kind services (such as CPR training for city employees) as `payment' for use of a city-owned facility? If so, is the entity that is `renting' it free to charge the public for classes as well?
RESPONSE
I cannot conclusively answer your first question because this necessarily requires a factual determination. I will note, however, that nonmonetary consideration, sometimes in the form of public advantage, can be sufficient to support a real property transaction. The answer to your second question is in all likelihood "yes," in my opinion, assuming that the transaction between the entity and the city is otherwise valid, i.e., it serves a public purpose and is supported by adequate consideration. *Page 2 
Cities are expressly authorized to "sell, convey, lease, rent, or let" property under their control."[1] Any such transaction must, in my opinion, serve a public purpose and be supported by adequate consideration.[2] Nonmonetary consideration, sometimes in the form of public advantage, can be sufficient to support a real property transaction.[3] But determining the adequacy of consideration will entail a factual inquiry that is outside the scope of an opinion from this office.
With respect to the "public purpose" element, as stated by my immediate predecessor: "[A] `public purpose' has been defined as a purpose that involves the welfare of the community and its inhabitants that directly benefits the public, see Op. Att'y Gen. 2004-269 (quoting Op. Att'y Gen. 1991-410). . . ."[4]
Accordingly, "public purpose" in the situation at hand should, in my opinion, be read as a "public purpose" that directly benefits the inhabitants of the city. It is notable in this regard that education, in general, has been deemed a legitimate public purpose.[5] Cities are specifically authorized, moreover, to "grant financial aid to any public postsecondary educational institution located within their borders. . . ."[6] The latter statute clearly amounts to a legislative declaration of public purpose. In my opinion it offers additional general support for the proposition that an arrangement between a city and a local community college for the college's use of a city facility can fairly be characterized as being "for a public purpose." Any definitive determination of public purpose, however, will require a factually intensive inquiry which this office is neither authorized nor empowered to make.
The attendant factual considerations prevent a conclusive answer to your first question. As noted, however, a transaction can be supported by consideration other than money. Assuming that the transaction between the entity and the city is *Page 3 
otherwise valid, i.e., it serves a public purpose and is supported by adequate consideration, then the answer your second question is in all likelihood "yes," in my opinion. The entity presumably would be charging the public for its services in any event, and I see no reason why that practice should necessarily discontinue when the city facility is utilized.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] A.C.A. § 14-54-302(a)(1) (Supp. 2009).
[2] See Op. Att'y Gen. 2009-193 (quoting Op. Att'y Gen. 2008-179, which concluded that the authority conferred by section 14-54-302 "is qualified by an implied proviso that the lease agreement must serve some legitimate public purpose" and be "supported by adequate consideration.").
[3] Id. See also Op. Att'y Gen. 2001-102.
[4] Op. Att'y Gen. 2005-248 at n. 2.
[5] Cortez v. Independence County,287 Ark. 279, 698 S.W.2d 297 (1985) (citing Turner v.Woodruff, 286 Ark. 66, 689 S.W.2d 527 (1985)).
[6] A.C.A. § 14-58-505 (Repl. 1998). *Page 1